the notes, is sufficient to put such maker on notice that the person to whom she made such payments is not the owner of the notes, and that such payments to him are at her own risk, even though the agreement does not correctly state the name of the real owner.

2. BILLS AND NOTES, § 293*—*when payment not binding on holder.* Payments on the principal of a note secured by trust deed, to the person named therein as successor in trust, who did not have possession of the notes, and whose office was not the place of payment fixed in the trust deed, *held* not binding upon the owner of the notes where such person failed to turn over the sum so paid, although previous interest payments made to him had been turned over to the owner through his attorney, especially where, after making the payment, an extension agreement was signed by the parties acknowledging that a sum was due in excess of the amount which would be due if the payment so made had been deducted, and the interest notes made at the same time called for an amount which showed that interest was being charged on such excess.

## Annie Lifschitz, Appellee, v. City of Chicago, Appellant.

### Gen. No. 20,856. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Annie Lifschitz, plaintiff, against the City of Chicago, defendant, in the Superior Court of Cook county, to recover for personal injuries due to a defective sidewalk. From a judgment for plaintiff for $4,000, defendant appeals.

JOHN W. BECKWITH and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MOSES, ROSENTHAL & KENNEDY, for appellee; JOSEPH W. MOSES and WALTER BACHRACH, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1098*—*when city liable for injury from defective sidewalk.*  In an action to recover for personal injuries, caused by a defective sidewalk, evidence *held* to warrant the jury in finding defendant liable, it appearing that defendant knew or should have known of the defect, and that plaintiff did not.

2. DAMAGES, § 114*—*when verdict not excessive.*  In an action to recover for personal injuries, caused by a rotten board in a sidewalk, which gave way under plaintiff, allowing her right leg to slip through the board in such manner as to cause a severe strain to the muscles and ligaments on the left side of the abdomen, as well as contusions and abrasions of the leg, and where there was evidence that the strain caused a stricture of the left ureter, or tube connecting the kidney with the bladder, a verdict of $4,000 *held* under the circumstances not manifestly unreasonable, there being evidence that the stricture would prevent plaintiff, a married woman, from bearing children, and that the stricture did not exist prior to the accident.

3. HUSBAND AND WIFE, § 194*—*when evidence of medical services proper in action by wife for injury.*  In assessing damages in an action to recover for personal injuries, evidence of the value of medical services rendered to plaintiff in connection with the injury is competent, although plaintiff is a married woman living with her husband, for the reason that medical attendance is a family expense within the meaning of the Illinois Statutes, ch. 68, sec. 15 (J. & A. ¶ 6152), which provides that family expenses shall be a charge on the property of both husband and wife, for which they may be sued jointly or severally.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.