M. Leininger, Appellee, v. Amalie Thoma, Appellant.

Gen. No. 33,342.

Opinion filed November .6, 1929.

FRANK H. NOVAK, for appellant.

JULIUS LIMBACH and BLAINE B. GERNON, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

M. Leininger, plaintiff, brought his suit in the municipal court against the defendant Amalie Thoma, charging that on or about December 20, 1922, the plaintiff, at the request of Fred Thoma, the husband of the defendant, made a set of upper and lower teeth at an agreed price of $700, for him, for which the said Fred Thoma during his lifetime and later the defendant refused to pay, although requested so to do.

The cause was tried by the court without a jury resulting in a finding in favor of the plaintiff and judgment for the sum of $700, from which judgment this appeal is taken.

The plaintiff introduced in evidence certain books of account, kept in the regular course of business, showing several entries covering the time taken in making two sets of teeth and certain adjustments covering a period of time from August 8, 1922 to December 30, 1922. The books of entry also showed certain entries for October 1923, about a year later, which were replacements and repairs made at the request of Fred Thoma. The defendant introduced evidence to the effect that the teeth were unsatisfactory and would frequently drop out while the husband was eating.

The defendant Amalie Thoma testified that the teeth were taken back by Fred Thoma and left with the plaintiff and that he obtained his old teeth from plaintiff and wore them thereafter until he had a new set made. This testimony, however, is unsatisfactory in that Amalie Thoma was not present. The plaintiff testified in rebuttal that he repaired the teeth for Fred Thoma on October 30, 1923, and later Thoma called for them and took them with him. This was the date of the last entry in the books of the plaintiff concerning the transaction.

It appears from the record that on several occasions bills were rendered Fred Thoma for the work done, to which there was no reply and suit was started against him during his lifetime, but no service was had in that case. This testimony was introduced for the purpose of showing the reason for the delay in not attempting to collect the account during the lifetime of Fred Thoma. The court saw and heard the witnesses and was able to observe their demeanor while upon the stand, and we see no reason for disturbing the verdict.

10

It is urged as a ground for reversal that there was an express warranty that the work would be satisfactory to Fred Thoma. This was based upon the testimony of Herbert Leininger, a son of the plaintiff, who testified as to the original conversation between Fred Thoma and the plaintiff at the time the work was contracted for. This is upon the alleged statement of the witness to the effect that they would be satisfactory, based upon the following question and answer on cross-examination:

"*Q*. And that you would make him a set that he would be satisfied with and which would give him service?"

"*A*. That is what he wanted."

We do not believe that this could be considered a warranty. It was not stated by the witness that they would be satisfactory.

It is urged on behalf of counsel for the defendant that the furnishing of the teeth to the husband, Fred Thoma, was not a household necessity and that, therefore, plaintiff could not recover against the wife. Under the statute in this State, Cahill's St. ch. 68, ¶ 15, expenses of the family are chargeable against the property of either husband or wife. It has been held in this State that medical services rendered a member of a family were a family expense and chargeable against the property of either the husband or the wife. *Cole v. Bentley,* 26 Ill. App. 260; *Walcott v. Hoffman,* 30 Ill. App. 77.

We see no reason to differentiate between medical and dental services. They are of the same class and character. Proper care of the teeth is as conducive to the health as proper care of the stomach or any other part of the human anatomy. The services rendered the deceased husband are chargeable against the wife as a necessary family expense within the meaning of the statute, Cahill's St. ch. 68, ¶ 15.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.