Argued October 11; affirmed December 5, 1944

# HANSEN *v.* HAYES

(154 P. (2d) 202)

Before Bailey, Chief Justice, Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*A. C. Spencer, Jr.*, of Portland (Maguire, Shields & Morrison, and R. K. Powell, all of Portland, on the brief), for appellant and cross-respondent.

*James C. Dezendorf*, of Portland (Hampson, Koerner, Young & Swett, of Portland, on the brief), for respondent and cross-appellant.

BRAND, J.

This is an action by the plaintiff, Mary Edith Hansen, widow of Peter Alfred Hansen, to recover medical and funeral expenses incurred by her in connection with the injury and ultimate death of her husband which resulted from the grossly negligent operation of an automobile by the defendant. The case was

tried by the court without a jury. Based on findings of fact and conclusions of law, judgment was entered in favor of the plaintiff in the amount of the medical expenses incurred by her in an effort to save her husband's life. From this judgment the defendant appeals. The court also rendered judgment against the plaintiff on her claim for funeral expenses and from that judgment the plaintiff has filed a cross-appeal.

The defendant states that "the only errors he intends to urge on this appeal are that the said Findings of Fact entered by the trial court do not support the Conclusion of Law and Judgment * * * and that the complaint was not filed within the time required by law." He also contends that the complaint was demurrable.

The complaint alleges, and the court found, that plaintiff's deceased husband, while riding as a guest in an automobile operated by the defendant, received fatal injuries as a result of the gross negligence of the defendant. She alleges further:

"That Plaintiff, in an effort to save the life of Peter Alfred Hansen, was obliged to and did incur and pay expenses for ambulance, hospital, nurses, blood transfusions and doctor bills in the sum of $1,049.90. That all efforts to save the life of Plaintiff's husband, Peter Alfred Hansen, were unavailing and he subsequently died and Plaintiff was obliged to incur and pay funeral and burial expenses in the sum of $472.73."

The answer was a general denial of the charges of negligence and of the allegations concerning medical and funeral expenses.

For her reply, the plaintiff alleges:

"Defendant should be and he is estopped from contesting herein or from denying his liability for

the damages herein claimed by Plaintiff by reason of the verdict and judgment heretofore entered in this Court in Case No. 138-014 entitled H. F. Edwards, Administrator with the will annexed of the Estate of Peter Alfred Hansen, deceased, Plaintiff, against Paul W. Anthony and Bernard M. Hayes, Defendants.

"That Plaintiff herein is the widow of Peter Alfred Hansen, deceased, and the former action above referred to was brought by the Administrator, H. F. Edwards, for and on behalf of Plaintiff herein under and by virtue of Section 8-903 O. C. L. A."

The court found that expenses in the amount of $549.90 and of the kind alleged were incurred prior to the death of the deceased in an effort to save his life and that all of said charges were paid by the plaintiff. We shall for convenience refer to these items as "medical expenses." The court found that funeral expenses in the sum of $472.73 were incurred and paid by the plaintiff after the death of the deceased.

The court further found that the will of the deceased was admitted to probate in the State of Washington, his former residence, and "that thereafter, and by order of court upon showing made, an order of solvency was duly made and entered therein reflecting assets of the estate in the amount of $7500.00, and further reflecting that there were no debts due or owing by the said estate." The court further found that the plaintiff, who was the sole beneficiary of the estate of her husband, made no claim against that estate for the medical or funeral expenses incurred and that the estate was duly closed.

Pursuant to appropriate conclusions of law which need not be recited, judgment was then entered for

the plaintiff on her claim for the medical expenses and against the plaintiff on her claim for funeral expenses.

BRAND, J.

■ The first question may be briefly stated as follows: Can the plaintiff widow recover for medical and funeral expenses incurred by her in connection with the injury and death of her husband, which expenses were rendered necessary by the negligent act of the defendant who caused the injury and ultimate death of the deceased? The question will be considered first from the standpoint of the common law without regard to the existence of any statutory right of action for death by wrongful act and without regard to the fact that judgment was recovered under the death statute for the benefit of this plaintiff prior to the institution of the case at bar. Plaintiff's complaint is not based upon the statute authorizing action for death by wrongful act, for such action must be instituted by the personal representative of the deceased. O. C. L. A. § 8-903; *Ross v. Robinson,* 169 Or. 293, 124 P. (2d) 918, 128 P. (2d) 956; *Jylha v. Chamberlain,* 168 Or. 171, 121 P. (2d) 928. The complaint here is brought by the plaintiff in her individual capacity and therefore the action must be supported, if at all, upon common law principles.

The legal theory of the plaintiff is that under the family expense statute the plaintiff widow became liable for the medical and funeral expenses and that such liability was tortiously imposed upon her by the defendant's negligence which had made the expense necessary. It was true that the negligent force of the defendant was directed only at the deceased, but a previous decision of this court suggests by analogy that the negligence of a defendant may give rise to tort liability in favor of one who acts to his damage

by reason of an injury directly done to another. In *Gillilan v. Portland Crematorium Association*, 120 Or. 286, 249 P. 627, the defendant negligently caused or permitted a marble slab to fall upon an infant child. The mother made violent efforts to raise the slab and free the child. In so striving she brought about internal injuries from which she died. In a sense her efforts were voluntary, yet this court upheld a judgment against the defendant association for negligently causing the death of the mother.

■ Our statute provides in part: ''The expenses of the family * * * are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.'' O. C. L. A. § 63-207. Under the authorities, medical and funeral expenses are properly classed as ''expenses of the family'' within the meaning of the statute.

Applying identical statutory provisions, Rem. Rev. Stat. § 6906, the Washington supreme court said:

> ''It thus appears that the term 'expenses of the family' includes not only merchandise used by the family as a whole, but also certain expenses, such as medical aid, hospital services, and burial attendance, incurred or supplied for the immediate or personal benefit of but one of the spouses, and that in either event the other spouse may be held separately liable therefor.'' In re De Nisson's Guardianship, 197 Wash. 265, 84 P. (2d) 1024.

In an earlier case, the same court said:

> ''That ordinary medical aid and advice for the wife create family expenses has been repeatedly held. 15 Am. & Eng. Ency. of Law (2nd Ed.) p. 877, and cases cited. The husband is a part of the ordinary family, and under a statute providing in gen-

eral terms for liability for 'expenses of the family,' as does our statute quoted above, we see no reason why medical and hospital services rendered to a husband are not as fully comprehended in the statute as are those rendered to a wife." Russell v. Graumann, 40 Wash. 667, 82 P. 998, 5 Ann. Cas 830.

Similar rulings have been made under an Illinois statute which is substantially the same as the quoted portion of O. C. L. A. § 63-207, supra: *Leininger v. Thoma,* 255 Ill. App. 8; *Lifschitz v. Chicago,* 194 Ill. App. 488; *Wallcott v. Hoffman,* 30 Ill. App. 77; *Younkin v. Essick,* 29 Ill. App. 575; *Glaubensklee v. Low,* 29 Ill. App. 408; and *Cole v. Bentley,* 26 Ill. App. 260. See also *Credit Bureau of San Diego v. Johnson,* 61 Cal. App. (2d) 834, 142 P. (2d) 963; *Smith v. Bentson,* 127 Cal. App. (2d) 789, 15 P. (2d) 910; *Leake v. Lucas,* 65 Neb. 359, 91 N. W. 374, 93 N. W. 1019, 62 L. R. A. 190; *Vest v. Kramer,* Iowa, 114 N. W. 886, 14 L. R. A. (N. S.) 1032; *Murdy v. Skyles,* 101 Iowa 549, 70 N. W. 714, 63 Am. St. Rep. 411; *Butterworth and Sons v. Teal,* 54 Wash. 14, 102 P. 768, 18 Ann. Cas. 854; (concurring opinion); 26 Am. Jur., Husband and Wife, §§ 381 and 389, pp. 978 and 987.

Although "family necessaries" when employed in a statute is construed more narrowly than "family expenses" it is held that

"In determining what constitutes necessaries under a statute making a married woman liable for necessaries or enabling her specifically to contract therefor, the decisions have been largely influenced by cases defining necessaries under the common-law duty and liability of the husband." 26 Am. Jur., Husband and Wife, § 382, p. 978.

A statute of Connecticut (Gen. St. 1918, § 5275) provides that both husband and wife "shall be liable

for the reasonable and necessary services of a physician rendered the husband, wife, or their minor child.'' The opinion of the supreme court of errors in *Ematrudo v. Gordon,* 100 Conn. 163, 123 A. 14, is of interest in determining the nature of the liability imposed by that statute upon the wife. The court observed that the husband is liable at common law for reasonable and necessary medical services rendered to the wife and said:

> '' * * * the obligation of the wife under the statute is neither greater or less than that of the husband. * * * 'Physic' as used in its original and broad sense is included in necessaries. Shelton v. Pendleton, 18 Conn. 417, 422. Surgical services undoubtedly stand upon the same ground as medical services. And so it appears that in considering the liability of the wife we may say by way of interpretive analogy that in substance it is the same, as the husband's common-law liability for services rendered the wife.'' Ematrudo v. Gordon, supra.

■ We think that at least as liberal a rule of construction should be applied in construing "family expenses" when the liability of the wife is in question. It should at least be as great as the liability of the husband at common law and at common law the husband was clearly liable for medical and funeral expense of his wife. 41 C. J. S., Husband and Wife, §§60 and 61, pp. 524 and 527.

■ Having concluded that by reason of the family expense statute the plaintiff became liable for the amount of her husband's medical and funeral expenses and that the negligence of the defendant was the proximate cause of direct damage to the plaintiff in the amount of such expenses paid by her, it would seem to follow that he should respond in damages on the

general principles of the law of torts, not for a wrong done to the deceased, but for the direct damage to the plaintiff. Although there are some authorities to the contrary, the general rule appears to be as follows:

"In actions for injury to the person, necessary and reasonable expenses for medical attention, medicine, and nursing may be recovered for, and this rule applies to expenses which may have been incurred because of injuries to a person for whom plaintiff is legally responsible." 17 C. J., Damages, § 128, p. 801; 25 C. J. S., Damages, § 47 b., p. 526.

Since the statutory liability of the wife for the husband's medical and funeral expense is similar to the common law liability of a husband for such expense incurred for the wife, we find a persuasive analogy in the authorities which permit the husband to recover against the negligent tort-feasor for expense caused him by the injury of the wife. *Worley v. Cin., Ham. & Dayton R. R. Co.*, 1 Handy (Cinn.) 481, was an action purely at common law by a husband to recover on account of the death of his wife. The court expressly noted that the action was not brought upon the statute. The court said:

" * * * We can find no authority, and we are satisfied there is no sound reason, on general principles, to authorize a recovery by the plaintiff. On the whole case, we hold, there is no claim in the petition that can be legally supported, *except for the expenditures actually made in consequence of the wife's death; and for these, as the husband would have been liable, he has the right to recover;* as to all the remaining claim for damages, the demurrer must be sustained." Worley v. Cin., Ham. & Dayton R. R. Co., 1 Handy (Cinn.) 481, 492; see 16 Am. Jur., Death § 46, p. 37.

In the following cases at common law the husband was held entitled to recover from the defendant for

expenses caused the husband by the negligent injury of his wife: *Adams v. City of Duluth,* 175 Minn. 247, 221 N. W. 8; *Elwell v. Barrows Coal Co.,* 100 Vt. 179, 136 A. 20; *Mageau v. Great Northern Ry. Co.,* 103 Minn. 290, 115 N. W. 651, 15 L. R. A. (N. S.) 511, 14 Ann. Cas. 551; *Indianapolis & M. Rapid Transit Co. v. Reeder,* 42 Ind. App. 520, 85 N. E. 1042.

In *Fowlie v. First Minneapolis Trust Co.,* 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589, the right of the husband to recover from the wrongdoer for expenses incurred by reason of the negligent injury of the wife was limited to expenses incurred during the period between the injury and the death by reason of the effect of the death statute. The same result was reached in *Central of Georgia Ry. Co. v. Graham,* 220 Ala. 645, 127 So. 213.

In *Philby v. Northern Pac. Ry. Co.,* 46 Wash. 173, 89 P. 468, 9 L. R. A. (N. S.) 1193, 123 Am. St. Rep. 926, 13 Ann. Cas. 742, after discussing the measure of damages under the death statute in a case brought by a husband for the negligent killing of his wife, the court said:

" * * * Such damages in their very nature differ materially from the pecuniary loss for funeral expenses and loss of time sustained by a husband, whose wife is killed by the wrongful or negligent act of another. The wife's death imposes upon the husband the financial burden of funeral expenses which he must pay. At common law, he was bound to bury his deceased wife in a suitable manner, and defray the necessary expenses thereof if he possessed the means. 13 Cyc. 273. Such expenses can be exactly estimated; and, while in one sense they may have ensued from the death of the wife, they are more, strictly speaking, a financial loss, resulting directly from the negligent acts of another."

After citing *Worley v. Cin., Ham. & Dayton R. R. Co.,* supra, the court said:

"* * * We adopt the conclusion reached in this exhaustive opinion, based upon the theory that a clear distinction exists between damages resulting to a husband from the death of his wife in the loss of her services and companionship, and pecuniary damages resulting to him, such as funeral expenses and loss of time. We hold that, while under our statutes and the previous decisions of this court, he cannot recover the former, he is nevertheless entitled to recover the latter, regardless of any statute. * * * " Philby v. Northern Pac. Ry. Co., supra; see 30 C. J., Husband and Wife, § 684, p. 961; 41 C. J. S., Husband and Wife, § 401 (4) and (5), pp. 898, 899.

At common law a parent and guardian has a similar right to recover from the negligent wrongdoer for expenses incurred by the reason of the injury of a minor child. *Evans v. Farmers Elevator Co.,* 347 Mo. 326, 147 S. W. (2d) 593; *Barker v. Saunders,* 116 W. Va. 548, 182 S. E. 289; and *Dennis v. Clark,* 2 Cush. (Mass.) 347, 48 Am. Dec. 671.

In *Trow v. Thomas,* 70 Vt. 580, 41 A. 652, the right of the father to recover for medical expenses incurred during the period intervening between the negligent injury and death of his minor child was recognized. It was held that burial expenses were not recoverable. *Jackson v. The Pittsburgh C. C. & St. L. Ry. Co.,* 140 Ind. 241, 39 N. E. 663, 49 Am. St. Rep. 192, is to the same effect. However, in *Southern Ry. Co. v. Covenia,* 100 Ga. 46, 29 S. E. 219, 40 L. R. A. 253, 62 Am. St. Rep. 312, the court said:

"It is well settled that, although a parent cannot recover damages for the death or injury of his child unless the child was capable of rendering serv-

ice, he can recover, in an action against the person who inflicted the injury, for his trouble and expense in caring for the child, and, if it dies from the injuries inflicted, he can recover his necessary and reasonable expenses in the burial, including compensation for the loss of such time on the parent's part as was needed for this purpose. * * * '' Southern Ry. Co. v. Covenia, supra. And see 46 C. J., Parent and Child, § 133, p. 1311.

A few cases have given direct consideration to the right of a wife to recover expenses incurred by her on account of the negligent injury of her husband. In *McDaniel v. Trent Mills, Inc.,* 197 N. C. 342, 148 S. E. 440, the court said:

"But when a wife, living with her husband, has been impelled, through the natural and ordinary considerations of family life, to expend money out of her own personal estate, as a proximate result of a negligent injury inflicted upon her husband by a third person, and for which neither he nor his personal representatives can recover, as plaintiff alleges in the instant case, we see no valid reason for holding, as against a demurrer, that the complaint does not state facts sufficient to constitute a cause of action in plaintiff's favor and against the tort-feasor. * * * ''

Excluding from our consideration any question relative to the effect of the death statute and the action which was brought under it, we think the better reasoned authorities would sustain the right of the wife in the case at bar to recover for both medical and funeral expense. The latter is as directly and proximately caused by the defendant as is the former and if the defendant is responsible on the theory of a tort committed against the wife in subjecting her to liability for the hospital expense, he is also liable upon

the same theory in subjecting her to liability for the funeral expense. The effect of the death statute remains, however, to be considered.

Nor is this conclusion inconsistent with our decision in *Sheard v. Oregon Electric Ry. Co.*, 137 Or. 341, 2 P. (2d) 916. That was an action in which "the only question presented * * * is the right of a married woman to recover for the loss of the consortium of her husband resulting from the alleged negligence of the defendant." In that case this court reviewed the authorities and concluded, first, that *in the absence of a statute* a wife has no right to maintain an action for an injury negligently inflicted upon her husband and, second, that the Married Women's Acts removed disability but conferred upon the wife no rights of action. We, therefore, held that the plaintiff wife could not recover for the loss of consortium of her husband. In that case it was pointed out that the primary and direct damage was inflicted upon the person injured by the defendant's negligence. The loss of consortium and support inflicted upon the wife was "consequential and remote when compared with the injuries inflicted upon the person who was struck." The common law rules which gave to the husband a cause of action against the defendant who negligently injured his wife, but which withheld such right of recovery from the wife when her husband was injured were adequately explained upon historical grounds which need not be repeated here.

The distinction between the Sheard case and the one now under consideration is clear. In the case at bar there is a relevant statute, the family expense law, and by virtue of it the loss imposed upon the wife for expenses was not consequential, but is direct and in view of the present status of married women, we know

of no rule of public policy which, under the present circumstances, should deny recovery to her while granting it in the parallel case of action by a husband.

Attention is directed to two North Carolina cases which were considered by this court in *Sheard v. Oregon Electric Ry. Co.*, supra. In *Hipp v. Dupont de Nemours & Co.*, 182 N. C. 9, 108 S. E. 318, 18 A. L. R. 873, the wife brought a common law action against the defendant for negligently injuring her husband and sought damages for loss of consortium and for medical expenses. Upon demurrer it was held that the complaint stated a good cause of action. Upon appeal the judgment was affirmed in an opinion which intimated that the plaintiff was entitled to recover for loss of consortium. In *Hinnant v. Tide Water Power Co.*, 189 N. C. 120, 126 S. E. 307, 37 A. L. R. 889, the supreme court of North Carolina reexamined the doctrine of *Hipp v. Dupont de Nemours & Co.*, and held that the plaintiff was not entitled to damages for loss of consortium. Upon this point the Hinnant case was cited with approval in *Sheard v. Oregon Electric Ry. Co.*, supra. In view of the issues now before us, we think another portion of the Hinnant case becomes material. It is to be observed that the court in that case overruled only the portion of *Hipp v. Dupont de Nemours & Co.* which held that the plaintiff wife could recover for loss of consortium. Speaking of the Hipp case, the court said:

"It is clear, in our opinion, that the complaint stated a cause of action, and that the demurrer was properly overruled, for, as is said in the opinion, the plaintiff had a cause of action for injuries which were personal to herself and not the remote consequences of the defendants' negligence. * * * *" Hinnant v. Tide Water Power Co., supra.

The Hinnant case, therefore, stands as authority for the proposition that a wife is entitled to recover expenses paid by her when made necessary by her husband's injuries because such expenses are "personal to herself and not the remote consequences of defendants' negligence." We have concluded that the plaintiff's complaint in the case at bar states a cause of action against the defendant entitling her to damages in the amount of the expense incurred.

Opposing this conclusion the defendant contends in substance that even if the defendant did become liable for expenses caused by his negligent act, the plaintiff should not be allowed a recovery against him because such expenses are a preferred claim against the husband's solvent estate. As supporting this contention, the defendant cites *Smith v. Saul*, 128 Wash. 51, 221 P. 977; *Smith v. Eichner*, 124 Wash. 575, 215 P. 27; *Butterworth v. Bredemeyer*, 74 Wash. 524, 133 P. 1061; *Cunningham v. Lakin*, 50 Wash. 394, 97 P. 447; *Columbia Trust Co. v. Anglum*, 63 Utah 353, 225 P. 1089; and *In re Skillman's Estate*, 146 Iowa 601, 125 N. W. 343, 140 Am. St. Rep. 295.

*In re Skillman's Estate*, supra, arose under a family expense statute similar to ours. The court said:

"* * * This statute enlarges the husband's common-law liability for necessaries, and, as to the creditors, renders the wife equally liable with the husband. As to them, both are principals. Murdy v. Skyles, 101 Iowa, 549. But neither is surety for the other. Vest v. Kramer (Iowa), 114 N. W. 886. The statute does not undertake to determine the relative obligations of the husband and wife as to such expenses, though the nature of these, owing to the solidarity of their interests, precludes any other conclusion than that these, being equal, pay-

ment by one confers no right of recovery or of contribution from the other.''

However, the court held that the husband was entitled to payment of a claim filed by him against his wife's estate for expenses incurred and paid by him on account of her last sickness and funeral, the reason being that there was a statute making funeral expenses preferred claims against the estate of the deceased. Assuming that the cases cited by the defendant correctly state the law, they are not conclusive here. In none of the cases above cited by the defendant was the action brought to recover damages against a negligent tort-feasor for hospital or funeral expense. They concerned merely the liability of the estate to one who had supplied service for the deceased or who has paid for service supplied by another. They are not in point.

Defendant also cites *Palmisano v. Century Indemnity Co.*, 225 Wis. 582, 275 N. W. 525. The action in that case was brought by a mother against the defendant who had caused the death of her adult son. She sought to recover funeral expenses incurred by her. There is some language by way of dictum which appears to support the defendant's contention, but the case is clearly distinguishable. The complaint was held demurrable by reason of the pleading of conclusions of law only, and it was further held that the law imposed no liability on a mother for funeral expenses of an adult son. The court said: ''Were it the duty of a surviving parent to provide proper burial of an adult child, the primary obligation is on the child's estate if he has any.'' The court then intimated that since there was no allegation in the complaint that the adult child had no estate, the complaint failed to

state a cause of action. We think the court in so stating failed to appreciate the fundamental distinction between a case which involves a contest between a relative and an administrator as to who should bear the funeral expenses of a deceased person on the one hand, and the case of a plaintiff who has paid those expenses and now seeks recovery, not from the estate but from a tort-feasor, on the other.

■ If, as we have held, the defendant became liable in tort to the plaintiff, the mere existence of a right on the part of the plaintiff to reimbursement from another source (the estate of her husband) would not wash out the defendant's direct liability to her. She would be under no obligation to gratuitously free the defendant from liability by pressing her claim against her husband's estate and thereby perhaps decreasing the inheritance of the heirs. Furthermore, since 1939, under the Oregon death statute, O. C. L. A. § 8-903, if any of the statutory beneficiaries are in existence, there is no statutory right of action for death by wrongful act for the benefit of the estate, the only recovery being for the named beneficiaries. Consequently, if the estate were required to reimburse the plaintiff for her expenses, the estate as such would have no statutory right of recovery against the tort-feasor nor, in the absence of statute, would the estate as such have any right of action for death by wrongful act at common law. O. C. L. A. § 8-901; *McFarland v. Oregon Electric Ry. Co.,* 70 Or. 27, 33, 138 P. 458, Ann. Cas. 1916B, 527; *Hawkins v. Barber Asphalt Paving Co.,* 202 F. 340; 16 Am. Jur., Death, §§ 44 and 60 at pp. 35 and 46.

■■ Having concluded that based upon common law principles the plaintiff had a right of action against

the defendant on account of expenses for which she became liable under the family expense statute, which were incurred and paid by her and were rendered necessary by the defendant's wrongful act, we must next consider the effect of O. C. L. A. § 8-903 and of the previous recovery thereunder. The previous action was brought by H. F. Edwards as administrator under the provisions of the statute. In that action, the administrator sought and recovered damages on account of the death of the deceased caused by the same wrongful act of the defendant which is alleged in the case at bar. The death action was brought for the benefit of the widow (the plaintiff here) and two dependents who were, respectively, the mother and mother-in-law of the deceased. In that case the plaintiff administrator offered evidence as to the amount of medical and funeral expense caused by the defendant's negligence for the purpose of enhancing the general damages. The offer was rejected by the trial court. If those items of expense were, under the law, admissible to enhance damages in the death action and if the evidence had been received in that action, it seems clear that they would not be recoverable in the case at bar brought by the widow. She was a beneficiary named in the statute. The action was brought for her benefit (among others) and recovery there should be a bar to any subsequent action by her as an individual for the same items which had been previously submitted to the jury in the administrator's case. This is not because the case at bar is a second action under the death statute; the conclusion rests rather upon the general principle that the widow, having already asserted her claim for expenses through the administra-

tor, cannot again assert the same claim. 30 Am. Jur., Judgments, § 173, p. 917.

"The powers and duties to maintain an action under the Death Act rest on the administrator, not for the use of the estate in general, but for the use of the beneficiaries named in the statute, and he is, in effect, the trustee of an express trust for the use of those beneficiaries. Mo. St. Ann. § 3262, P. 3353." Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S. W. (2d) 504, Headnote 6.

■ The fact that the trial court in the administrator's case rejected the offered evidence concerning expenses does not alter the situation. If expense items of the kind in question are, under the law, recoverable in a death action, then the widow as privy to that action is bound by the judgment. If the administrator was dissatisfied with the ruling of the court in excluding relevant evidence, the remedy was by appeal. A judgment on the merits is conclusive upon the parties and privies, both as to matters which were and which might have been litigated. If then the expense items sued upon here were provable to enhance damages in the administrator's action, the plaintiff can not recover them in this case. If those items were not recoverable in the first action, then as we have seen, they should be recoverable here. The most difficult question and one which has never been determined in this state, is whether hospital and funeral expenses are recoverable in an administrator's action for death by wrongful act under the provisions of O. C. L. A. § 8-903.

Previous to 1939, the Oregon death statute, O. C. § 5-703, provided that

" * * * the personal representatives * * * may maintain an action at law * * * and the

amount recovered, if any, shall be administered as other personal property of the deceased person.''

This was the familiar statute authorizing recovery for the benefit of the estate of the deceased as such. In the year 1939, the statute was amended to read as follows:

> ''When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former for the benefit of the widow or widower and dependents and in case there is no widow or widower, or surviving dependents, then for the benefit of the estate of the deceased may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $10,000.'' O. C. L. A. § 8-903.

It will be observed that a fundamental change has been accomplished by the amendment. Before 1939 the damages recovered by the administrator became a part of the estate and, subject to the claims of creditors, went to the beneficiaries named in the will or to the statutory distributees in the event of intestacy, and damages were measured as laid down in *Carlson v. Oregon Short Line Ry. Co.*, 21 Or. 450, 28 P. 497, where it was said that the loss was determined by

> '' * * * what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life, and which, as representing his net savings, would have gone for the benefit of his estate, taking into consideration his age, ability, and disposition to labor, and his habits of living and expenditure. * * *'' Carlson v. Oregon Short Line Ry. Co., 21 Or. 450, 457, 28 P. 497; Scott v. Bro-

gan, 157 Or. 549, 554, 73 P. (2d) 688; Gabrielson v. Dixon, 133 Or. 567, 291 P. 494.

This measure of damages under the old death statute we shall for convenience call "the benefit of the estate rule." Under the 1939 act the damages recovered by the administrator inure directly to the benefit of the widow or widower and dependents and it is only if there is no widow or widower or dependents that the damages inure to the benefit of the estate.

In *Ross v. Robinson,* 169 Or. 293, 124 P. (2d) 918, 128 P. (2d) 956, the action was brought by the administrator of an estate to recover damages for the benefit of the decedent's estate on account of the death of the decedent caused by the wrongful act of the defendant. The judgment in favor of the plaintiff was affirmed in the first opinion of this court, but was reversed upon rehearing. In the first opinion the court took notice of the fact that the action was brought under O. C. L. A. § 8-903 which provides that the action shall be for the benefit of the widow or widower and dependents, etc., but that the plaintiff had in fact brought the action for the benefit of the estate. Since the action was tried in the circuit court on the theory that the recovery would be for the benefit of the estate and since the parties had adhered to that theory on appeal, we adopted that theory and proceeded to consider whether the evidence was sufficient to warrant submission of the case to the jury on the question of the pecuniary loss suffered by the estate. In substance, the court considered the question of damages as it would have arisen under the Oregon death statute prior to the amendment of 1939. Upon that basis, the court made the following significant distinction:

"In support of his contention that the evidence is insufficient to warrant any recovery by the plain-

tiff, the defendant cites and quotes extensively from decisions of this and other jurisdictions relating to actions brought under statutes providing for recovery for the benefit of the surviving spouse or dependents, and not for the benefit of the estate. The distinction between actions of that nature and the one now before us is pointed out in Carlson v. Oregon Short Line Ry. Co., 21 Or. 450, 459, 28 P. 497, wherein the court said:

" 'In such case the damages suffered by the estate can have nothing to do with the amount of the recovery, but it is limited to the pecuniary loss sustained by those persons named in the statute, and who are left in a worse pecuniary position by reason of the death. * * * [Citation.] Not so under our statute, where the object is to recover the loss sustained by the estate, and not to recover the pecuniary loss sustained by any particular individual or individuals.' " Ross v. Robinson, supra (169 Or. 293, 305).

The fact that upon rehearing *Ross v. Robinson,* supra, was reversed on other grounds does not weaken its authority on the point for which it is cited.

In *Scott v. Brogan,* supra, an action under the death statute prior to the 1939 amendment, the trial court instructed the jury as follows:

" 'By pecuniary loss is meant the loss which may be computed in money or other benefits, if any, shown by the evidence, which the children would have received from the deceased had she continued to live her expected time, and you should render your verdict in a sum equal to the aggregate amount reduced to its present value.' "

This court held that the foregoing instruction was erroneous, and we said:

"The error into which the court was led as to the theory on which it tried the case and instructed

the jury was brought about largely by counsel for the respondent, who relied upon the cases of Stejskal v. Darrow, 55 N. D. 606 (215 N. W. 83, 53 A. L. R. 1096), and St. Louis-S. F. R. Co. v. Floyd, 146 Okla. 42 (293 P. 250, 77 A. L. R. 1431), the former of which was based on a statute almost identical with Lord Campbell's Act, and the latter on the federal employers' liability act. From the opinions in those cases counsel for respondent prepared the instructions given by the court as hereinbefore quoted. * * *'' Scott v. Brogan, supra (157 Or. 549, 556).

The error of the trial court in *Scott v. Brogan* was in giving an instruction which might have been suitable under Lord Campbell's Act, but which was erroneous under a statute which provided that recovery should be for the benefit of the estate rather than for named beneficiaries. Similar distinction was made in *Perham v. Portland Electric Co.*, 33 Or. 451, 53 P. 14, 40 L. R. A. 799, 72 Am. St. Rep. 730, where the court said:

" * * * Under Lord Campbell's Act, and similar statutes, the damages recovered belong to the designated beneficiary, and are measured by the value of the life taken to the particular person entitled to the benefit of the statute, while under our statute they belong to the estate, and are coextensive with the value of the life lost, without regard to its value to any particular person. In the one case the object of the action is to recover the pecuniary loss sustained by the designated relatives, and in the other the value of the life lost, measured, as near as can be, by the earning capacity, thriftiness, and probable length of life of the deceased, and the consequent amount of probable accumulations during the expectancy of such life: * * *." Perham v. Portland Electric Co., supra (33 Or. 451, 467).

The distinction between cases brought by or for named statutory beneficiaries on the one hand, and

cases brought for the benefit of the estate on the other, is made clear in *Fox v. Ungar,* 164 Or. 226, 98 P. (2d) 717. In that case, the wrongful death occurred before 1939 and this court said:

> "It seems too plain for successful controversy that the causes of action are not the same in an action brought by an administrator to recover damages for the death of his intestate and in an action brought by a beneficiary under the Employers' Liability Act." Fox v. Ungar, supra (164 Or. 226, 230).

The decisions in *Ross v. Robinson, Scott v. Brogan, Perham v. Portland Electric Co.,* and *Fox v. Ungar,* supra, clearly indicate that the rule concerning the measure of damages in actions for the benefit of the estate does not control in actions under statutes similar to Lord Campbell's Act. Under these circumstances, decisions under the Oregon Employers' Liability Act furnish a better guide to the measure of damages in cases brought under the 1939 amendment than our earlier decisions under the death statute prior to its amendment. The Employers' Liability Act when applicable, like O. C. L. A. § 8-903, confers a right of action upon named beneficiaries for their personal benefit and not for the benefit of the estate. It is of no importance that the named beneficiary sues in his or her own name under the Employers' Liability Act, whereas the personal representative is the proper plaintiff for the benefit of named beneficiaries under O. C. L. A. § 8-903. The real parties in interest are the named beneficaries under both acts. The prototype of both statutory causes of action is Lord Campbell's Act, St. 9 and 10, Vict., c. 93:

> "In effect, Lord Campbell's Act provides that an action may be maintained whenever death is caused by wrongful act, neglect, or default which

would have entitled the person injured to maintain an action if death had not ensued; that such action is for the benefit of designated persons, members of deceased's family or close of kin, although it is to be brought in the name of the executor or administrator of the person for whose death it is brought; and that the damages recoverable in such action are those suffered by such beneficiaries by reason of the death. * * *" 17 C. J., Death, § 38, p. 1184; and see 25 C. J. S., Death, § 15, p. 1076.

What then is the measure of damages under the present death statute, O. C. L. A. § 8-903? Assuming as we do the legal relevancy of decisions from other jurisdictions under statutes modeled under Lord Campbell's Act and the decisions of this court under the Employers' Liability Act, still we come only a little nearer to a solution of the problem. Both the Oregon decisions and those of foreign jurisdictions are in hopeless confusion.

We will notice first the decisions of this court under the Employers' Liability Act. In *McClaugherty v. Rogue River Electric Co.*, 73 Or. 135, 140 P. 64, 144 P. 569, this court announced a rule which partially explains the existing confusion. The action was brought under the Employers' Liability Act. The trial court instructed the jury as to the measure of damages under the "benefit of the estate rule." This court said:

"* * * Under certain circumstances there may still be cases brought by a personal representative under Section 380, L. O. L. (Statts v. Twohy Bros. 61 Or. 602 (123 Pac. 909), and we do not think the Employers' Liability Act indicates that a different general rule as to the measure of damages should be applied in one kind of a case from that applied in the other. If there should be, it would cause much confusion. * * *" McClaugherty v. Rogue River Electric Co., supra (73 Or. 135, 162).

In view of the 1939 amendment to the death act, the foregoing argument for uniformity cuts the other way. The two statutes, both of which are modeled after Lord Campbell's Act, should receive uniform construction. The only substantial distinction between the two acts is in the proper party plaintiff, and the designation and priorities of the beneficiaries.

In one of the earliest cases arising under the Oregon Employers' Liability Act, Laws of 1911, p. 16, the United States district court for the district of Oregon by Judge Wolverton, a former justice of this court, held the Employers' Liability Act to be akin to Lord Campbell's Act. That court held that the proper beneficiary under the statute "may recover for all loss sustained by reason of the death of the employee. This includes, if the widow is suing, her loss of society and protection, as well as the injury which she or the heirs of the deceased may have sustained. * * *" Hawkins v. Barber Asphalt Paving Co., supra (202 F. 340). The court also cited with approval portions of two California cases which make it clear that the amount of damages recoverable under statutes akin to Lord Campbell's Act depends upon the particular statutory beneficiary who is bringing the action and the relationship of that beneficiary to the deceased.

The next case under the Employers' Liability Act is McFarland v. Oregon Electric Ry. Co., supra. This was an action by a father for the death of his son. Speaking of the statute, the court said:

" * * * It is an additional enactment upon the subject, and, having been designed to enable the persons sustaining the greatest loss by the untimely death of their natural or legal protector, the statute

is remedial, and, as far as possible, ought to be liberally construed in favor of the beneficiaries * * * ,,
 * * *

" * * * For any money loss thus sustained the statute makes provision for its recovery, which damages include the value of the services of the deceased during his minority, and also the benefits reasonably to be expected by the person entitled to such services, if the injured person had lived * * *." Mc-Farland v. Oregon Electric Ry. Co., supra (70 Or. 27, 33).

*McDaniel v. Lebanon Lumber Co.,* 71 Or. 15, 140 P. 990, was an action by the widow to recover for the death of her husband. This court said that the recovery is "not restricted by the damages which the decedent's estate may have sustained, but is to be measured by the pecuniary loss by the person entitled thereto." In McClaugherty v. Rogue River Electric Co., supra, the court said:

" * * * The measure of damages under most of the statutes giving a right of recovery for the death of a person is the amount of pecuniary assistance and support which they might have reasonably expected to receive from the deceased had he lived: * * * " McClaugherty v. Rogue River Electric Co., supra (73 Or. 135, 154).

These statements are in substantial harmony with the general rule which prevails under Lord Campbell's Act and similar statutes, namely, that the damages are measured by, and limited to, the pecuniary benefits which the beneficiaries might reasonably have expected to derive from the decedent had his life not been terminated. And see 16 Am. Jur., Death, § 177, p. 118; Restatement, Torts, § 925, 1, p. 640.

"The general rule under wrongful death statutes designating certain classes of persons as

beneficiaries of the action is that no damages are recoverable for the injury to the estate of the decedent.'' 16 Am. Jur., Death, § 180, p. 121.

''It is generally regarded as the injury to the survivors and not the value of the life lost, that forms the basis of damages in an action for wrongful death * * *.'' 16 Am. Jur., Death, § 181, p. 122.

Notwithstanding the general rule and the previous decisions under the Oregon statute, the following cases in express terms have held that the measure of damages in the action by the named beneficiary under the Employers' Liability Act is to be determined by the ''benefit of the estate rule'': *Rorvik v. North Pacific Lumber Co.*, 99 Or. 58, 190 P. 331, 195 P. 163; *Garvin v. Western Cooperage Co.*, 94 Or. 487, 184 P. 555; *Kuntz v. Emerson Hardwood Co.*, 93 Or. 565, 184 P. 253; *Yovovich v. Falls City Lumber Co.*, 76 Or. 585, 149 P. 941; *McClaugherty v. Rogue River Electric Co.*, supra.

The confusion which has arisen in our decisions appears to be the result of language employed in McClaugherty v. Rogue River Electric Co., supra. The court in that case asserted, but did not identify, a distinction between the rules applicable under Lord Campbell's Act and those applicable under the Employers' Liability Act. We are unable to find any such substantial distinction.

The decisions in Kuntz v. Emerson Hardwood Co., Garvin v. Western Cooperage Co., and Rorvik v. North Pacific Lumber Co., supra, are all expressly based upon the authority of the McClaugherty case. From the standpoint of clarity there is much to be desired in Yovovich v. Falls City Lumber Co., supra, but it too is based on the McClaugherty case. Insofar as these

cases lay down a general rule to the effect that damages under the Employers' Liability Act are measured by the "benefit of the estate rule," they were disapproved in *Nordlund v. Lewis & Clark Ry. Co.*, 141 Or. 83, 15 P. (2d) 980, and now expressly overruled.

The leading case under the Oregon Employers' Liability Act and one which is highly persuasive as to the true measure of damages under O. C. L. A. § 8-903 (the death statute as amended) is Nordlund v. Lewis & Clark Ry. Co., supra. In that case the court instructed the jury that in determining damages they should consider:

" * * * 'the age, health and physical condition of Nordlund, his habits with respect to industry and thrift, his capacity to earn money and how many years of his normal life expectancy he would be likely to continue such capacity to earn money, also considering his relationship to the plaintiffs, his obligations to provide for them and his disposition to do so as shown by the evidence, and from all of these circumstances determine what, if any, damages have been caused to plaintiffs by reason of his death.' The instructions then pointed out to the jury that they should diminish the amount by reducing it to its present cash value. * * * " Nordlund v. Lewis & Clark Ry. Co., supra (141 Or. 83, 92).

The court rejected the "benefit of the estate rule" and adopted the rule that in measuring damages the jury may consider the present pecuniary value of the services which the beneficiary under the statute might reasonably have expected from the person on account of whose death the action was brought. The court said:

"It seems very clear that in an action by the widow and children of a deceased employee contributions of support money, which the evidence

tends to indicate would have been forthcoming, constitute a proper item for the jury's consideration. * * *'' Nordlund v. Lewis & Clark Ry. Co., supra (141 Or. 83, 97).

In Scott v. Brogan, supra (157 Or. 549, 73 P. (2d) 688), referring to the measure of damages under the Employers' Liability Act, this court said that it is "to be measured by the pecuniary loss suffered by the person entitled to maintain the action."

The last case to be noticed under the Employers' Liability Act is *Melton v. S. E. Portland Lumber Co.*, 160 Or. 500, 85 P. (2d) 1038. In that case the widow brought action on account of the death of her husband. He left surviving him two adult children by a former marriage. The children sought to intervene and secure a portion of the stipulated damages which the defendant had agreed to pay. The opinion of the court gives recognition to the rule that the measure of damage is the loss to the preferred beneficiary and to this extent the reasoning of the Melton case is applicable to the question here. By citing the case we do not, however, intend to express any opinion as to the correctness of certain dicta as to the order and priority of the beneficiaries under the Employers' Liability Act.

Turning from the Oregon decisions under the Employers' Liability Act to those of other jurisdictions under the statutes substantially identical with O. C. L. A. § 8-903 (the 1939 amendment), the prevailing rule is well set forth as follows:

"In general, it may be said that the aim of the law in actions for wrongful death is to repair in a pecuniary way the losses sustained by the beneficiaries of the action. Under some statutes, dam-

ages for losses other than pecuniary losses may be included. However, in England, under Lord Campbell's Act, and under the statutes of the various states of the United States based on such act and giving a right of action for wrongful death, it is generally held that the damages are the aggregate of the pecuniary losses of each of the beneficiaries of the action and are measured by, and limited to, the pecuniary benefits which the beneficiaries might reasonably be expected to have derived from the decedent had his life not been terminated." 16 Am. Jur., Death, § 177, p. 118. And see 25 C. J. S., Death, § 101b, and many cases cited supporting both texts.

■ Under O. C. L. A. § 8-903, the action for death by wrongful act is to be brought by the personal representative for the benefit of the preferred beneficiary or beneficiaries in the following order and priority: If the husband dies leaving a widow and no dependents, then she is the sole first preferred beneficiary; if he dies leaving a widow and dependents, then the recovery is for the widow and dependents; if the wife dies leaving a widower and no dependents, then he is the sole first preferred beneficiary; if she dies leaving a widower and dependents, then the recovery is for widower and dependents; if the deceased leaves neither husband nor wife, but leaves dependents, then the recovery is for their benefit alone; if there is no widow or widower and no dependents, then the action is for the benefit of the estate. In all cases except the last, damages are awarded upon the principle of compensation to repair the pecuniary loss or losses sustained by the person or persons in the class of beneficiaries for which the action is to be brought under the statute. The damages are the aggregate of the pecuniary losses of each of the beneficiaries of the action within the

class and are measured by, and limited to, the loss of the pecuniary benefits which those beneficiaries might reasonably be expected to have derived from the deceased had his life not been terminated. As to the measure of recovery by or for a widow, see 5 Sutherland, Damages (4th Ed.), § 1265, p. 4871. If, on the other hand, there being no widow or widower and no dependents, the action is brought for the benefit of the estate, the damages would be measured by the "benefit of the estate rule" as established in the cases which arose under the death by wrongful act statute prior to its amendment in 1939.

■ It will be recalled that prior to the bringing of the action in the case at bar by the plaintiff to recover hospital and funeral expenses, the administrator of the estate of the deceased had maintained an action against the defendant under O. C. L. A. § 8-903. Applying the proper rule as to the measure of damages in the administrator's action, it appears that he was entitled to recover the aggregate of the damages suffered by the widow and the named dependents measured by the rule which we have indicated. 16 Am. Jur., Death, § 117, p. 118; *Hansen v. Stimson Mill Co.*, 195 Wash. 621, 81 P. (2d) 855. The immediate question is whether, in the administrator's action, the plaintiff was entitled to introduce evidence of the medical and funeral expenses of the deceased and have them considered with the other evidence in estimating the total amount of damage.

■ We will first consider funeral expenses. We can not lay down any general rule entitling an administrator suing under this act for the named beneficiaries to recover funeral expenses. In some instances those expenses may have been incurred by the administrator

himself after the death or by some person not within the preferred class for whose benefit the particular action was brought. But if, as in this case, the person who became obligated for and who incurred and paid the funeral expense is also one of the preferred beneficiaries for whom the suit is brought, we think the administrator would be entitled to present evidence of such expense as a direct loss sustained by the beneficiary and one to be considered by the jury in estimating the total damages.

The following cases support the majority rule that funeral expenses may be recovered in an action under a death statute where any of those for whose benefit the action is brought are legally bound to pay them: *Killion v. Dinklage,* 121 Neb. 322, 236 N. W. 757; *Sieber v. Great Northern Ry. Co.,* 76 Minn. 269, 79 N. W. 95; *Potts v. Mulligan,* 141 Fla. 685, 193 So. 767; *McMullen v. Warren Motor Co.,* 174 Wash. 454, 25 P. (2d) 99; *Adams v. Southern Pac. Co.,* 4 Cal. (2d) 731, 53 P. (2d) 121; *Marshall v. Miller,* 112 Kan. 706, 212 P. 883; *Stejskal v. Darrow,* 55 N. D. 606, 215 N. W. 83, 53 A. L. R. 1096; *Murphy v. New York Cent. & H. R. R. Co.,* 88 N. Y. 445; *The Linseed King,* 48 F. (2d) 311 (reversed on other grounds); *Jutila v. Frye,* 8 F. (2d) 608 (opinion by Judge Rudkin). And see Tiffany, Death by Wrongful Act (2nd Ed), §157, at p. 331; 2 Sedgwick on Damages (9th Ed.), § 573, at p. 1103; 5 Sutherland, Damages (4th Ed.), § 1268, at p. 4914.

The defendant cites *Morrison v. Perry,* 104 Utah 151, 140 P. (2d) 772. This was an action under the death statute brought by the administrator for named beneficiaries. The court referred to the general rule

that a plaintiff must exercise reasonable care to minimize damages and then said:

" * * * An heir who has paid funeral expenses for the death of an adult should not be permitted to enhance the damages by reason of his failure to seek reimbursement from the estate. The heir in such a case is not legally obligated to pay funeral expenses, but the estate has a primary legal obligation."

This case is not in point for two reasons: first, the plaintiff in the case at bar was legally obligated to pay the funeral expense; second, to apply the rule concerning the duty to minimize damages in the case at bar would result in absurdity. The plaintiff here was also the sole heir of her husband. Defendant's contention, based on Morrison v. Perry, amounts merely to this, that the plaintiff has a duty to reduce damages caused by the wrongful act of the defendant by paying them herself. We see no reason why she should be required for the benefit of the wrongdoer to file a claim against her alter ego, the estate of her husband, especially when the estate as such would have no right to recover from the defendant.

■ We have carefully considered the cases cited which deny recovery for funeral expenses, but our conclusion is that the law authorizes the recovery of funeral expenses in an action brought by the administrator under O. C. L. A. § 8-903 for the benefit of the widow where she became liable for and paid them as in this case. Such an action was in fact brought and the right to recover such expenses might have been and was litigated therein, and the plaintiff can not in this later action, brought in her own name under the family expense statute and upon common law principles, again litigate that claim. Judgment in the case at bar

was properly entered for the defendant on the plaintiff's claim for funeral expenses. It has been unnecessary for us to decide whether funeral expenses should be pleaded and proved as special damages in an action under O. C. L. A. § 8-903, or whether they are merely relevant upon the issue of general damages, but see 5 Sutherland, Damages (4th Ed.), § 1278, p. 4951.

 The defendant objected to the admission in evidence of the funeral expenses in the administrator's action under the death statute and the trial court sustained his objection. The plaintiff contends that the defendant by arguing that those expenses are not recoverable in the case at bar, and if recoverable at all were recoverable only in the administrator's action, is taking an inconsistent position which he should be estopped to maintain, but no such estoppel has been pleaded. Furthermore, the ultimate position of the defendant in the two cases is not inconsistent. In the first action he argued that funeral expenses are not recoverable under O. C. L. A. § 8-903. He now argues that they are not recoverable in this action, one which we have declared to be based not on the death statute but on common law principles. In the administrator's action the defendant did not base his objection upon any claim that the funeral expenses were recoverable by the widow and we think he was at liberty to take the position that such expenses were not recoverable by either the administrator or the widow. He should not be prejudiced by the fact that he has suggested in his brief before this court that if such damages are recoverable at all they should have been recovered in the administrator's action.

We next inquire whether medical expenses incurred between the time of the injury and the death were also

recoverable under the death statute. Upon this issue there is clean-cut conflict of authority. The following authorities assert, in general terms, that the weight of authority is to the effect that recovery can be had for medical expenses which have been paid by the beneficiaries: 17 C. J., Death, § 215, p. 1338; 25 C. J. S., Death, § 108, p. 1259; 2 Sedgwick on Damages (9th Ed.), § 573, at p. 1103; Tiffany, Death by Wrongful Act (2nd Ed.), § 157, p. 330; *Jutila v. Frye,* supra; *Marshall v. Miller,* supra; *Jackson v. The Pittsburgh C. C. & St. L. Ry. Co.,* supra; and *Wyland v. Twin Falls Canal Co.,* 48 Idaho 789, 285 P. 676.

In Tiffany on Death by Wrongful Act, it is said:

"Since the damages are based solely upon the injury which results from the death, it would logically follow that in an action for death the expenses of nursing, medical attendance, etc., which result, not from the death, but from the injury causing it, cannot be recovered. It has been frequently held, however, usually in actions by parents for the death of minor children, that these expenses may be included . . ." Tiffany, Death by Wrongful Act (2nd Ed.), § 157, p. 330. And to the same effect see 2 Sedgwick on Damages (9th Ed.), § 573, at p. 1103.

Although cases above cited have directly held that medical expenses incurred previous to death are recoverable under statutes similar to O. C. L. A. § 8-903, we think, as suggested in Tiffany, supra, that these courts have been greatly influenced by common law authorities which we have already considered and which permit a parent or husband to recover for medical expense incurred as the result of injury or death of the child or wife. Such decisions, we think, should have no weight in construing the death statute.

Other cases are based upon survival statutes. Such statutes allow more complete recovery including damages which occurred before the death. "Such statutes avoid the expense of two actions and the difficulties which frequently arise where there is a separate death statute and a survival statute." 4 Restatement, Torts, § 925 b, 3, p. 641.

We think that notwithstanding the authorities cited, the right of recovery of medical expense must depend in each jurisdiction upon whether the death statute is to be construed as partaking of the nature of a survival statute or as creating a new right. Here again, the Oregon decisions are somewhat in conflict.

Concerning the nature of the action for death by wrongful act prior to the 1939 amendment, this court said:

"It clearly creates a new right of action in favor of the personal representative for the death itself and not an action founded on survivorship or on any cause of action in favor of the deceased." Perham v. Portland Electric Co., supra (33 Or. 451, 462, 53 P. 14, 40 L. R. A. 799).

In The Kaian Maru, 2F. (2d) 121, the action was in admiralty. The injury was sustained upon a ship, but the death occurred upon land. The federal court by Judge Bean, formerly a justice of this court, said:

"The action is brought under section 380 of the Oregon statute [the death statute before the 1939 amendment] which has been construed by the Supreme Court of this state to be a death and not a survival statute. * * * In cases where the cause of action by statute survives, an admiralty court would, under those circumstances, have jurisdiction, because, if an injury occurs on water and is aggravated by subsequent acts on land, it does not deprive

the admiralty court of jurisdiction over the case; but where the cause of action arises on land an admiralty court has no jurisdiction. In this case the cause of action did arise on land, because it is for the death of the decedent, and not for the injury that he received aboard the boat. I conclude, therefore, that an admiralty court is without jurisdiction.'' The Kaian Maru, supra.

If the cause of action under the death statute prior to 1939 consisted of a new right and was not based upon survival of any right of the deceased, it is even more clear that the cause of action under the 1939 amendment also creates a new right and is not based upon survival.

Turning to the decisions under the Employers' Liability Act, the case of *McFarland v. Oregon Electric Ry. Co.,* supra, established the rule that the statute does not revive a right but creates a new cause of action. And see *Fisher v. Portland Ry., L. & P. Co.,* 74 Or. 229, 137 P. 763, 143 P. 992, 145 P. 277. However, in *McClaugherty v. Rogue River Electric Co.,* which has already received criticism, the court said of the Employers' Liability Act:

"As we understand the contention of learned counsel for the defendant, although upon this point they do not agree, the act in question is a 'death' statute, and this is not a survival action. Insofar as definitions are of any assistance, we would be inclined to the belief that the law partakes of the nature of both. * * *
* * *

"We quote from the brief of one of defendant's counsel:

" 'The Employers' Liability Act of 1910 is not a dependent statute, but a survival statute, and is akin to Section 34, L. O. L. and Section 380,

L. O. L.' '' McClaugherty v. Rogue River Electric Co., supra, (73 Or. 135, 160, 140 P. 64, 144 P. 569).

The court quoted with approval from an opinion of Judge Wolverton in *Hawkins v. Barber Asphalt Paving Co.*, supra (202 F. 340), where he said of the Employers' Liability Act:

"So far as it gives a right of action for the death of a person it is akin to Lord Campbell's Act. This may be termed a survival action."

The Hawkins case asserts that the Employers' Liability Act is akin to Lord Campbell's Act and the McClaugherty case asserts that it is akin to the Oregon death by wrongful act statute, prior to its amendment, yet both insist that the Employers' Liability Act is a survival statute. The error lies in the fact that neither Lord Campbell's Act, nor the old Oregon death statute was a survival statute, but both created a new right of action wholly distinct and apart from the action of the injured person. 17 C. J., Death, § 38, p. 1185; 25 C. J. S., Death, § 15, p. 1076; 16 Am. Jur., Death, § 61, at p. 48; and Perham v. Portland Electric Co., supra.

In *Piukkula v. Pillsbury Flouring Co.*, 150 Or. 304, 42 P. (2d) 921, 44 P. (2d) 162, this court returned to the doctrine of McFarland v. Oregon Electric Ry. Co., supra, and held that the Employers' Liability Act is not a survival statute, but creates a new cause of action which accrues only upon the date of death. We adhere to the ruling in that case.

The view that the death statute creates a distinct new cause of action not based on survival is supported by the weight of authority in other jurisdictions.

"The view which is believed to be based upon the better reasoning that wrongful death statutes

are not 'survival statutes,' but create a new cause of action, is the one supported by the courts generally and by the later trend of authority in particular. Under this view, the cause of action is not for the injury to the decedent, but is for the loss sustained by the beneficiaries because of the death and is distinct from any cause of action that the deceased might have had if he had survived. Various provisions of the statutes help to reach this conclusion, particularly provisions under which the damages recoverable consist of compensation for the losses of the beneficiaries, and do not include loss to the deceased or his estate, and under which damages recovered do not become assets of the estate, but are to be distributed to the beneficiaries. * * *'' 16 Am. Jur., Death, § 61, at p. 48. And see 25 C. J. S., Death, § 15, p. 1076.

█ █ █ Upon the analogy of the Employers' Liability Act cases and of the decisions under Lord Campbell's Act, we hold that O. C. L. A. § 8-903 creates a new cause of action not based upon survival. If the cause of action accrues only upon death, it logically follows that damages in the nature of medical expenses incurred prior to the accrual of the cause of action can not be recovered under that statute. We, therefore, feel compelled to follow those authorities which hold that medical expenses incurred prior to death are not recoverable under statutes similar to O. C. L. A. § 8-903. The following are of that character: *West v. Nantz' Adm'r.,* 267 Ky. 113, 101 S. W. (2d) 673; *Barnes v. Red River & G. R. R.,* 14 La. App. 188, 128 So. 724; *Pittsburgh, C. C. & St. L. Ry. Co. v. Brown,* 178 Ind. 11, 97 N. E. 145, 98 N. E. 625; The Samnanger, 298 Fed. 620; *Setsuko Nitta v. Haslam,* 138 Cal. App. 736, 33 P. (2d) 678; *Regan v. Davis,* 290 Pa. 167, 138 A. 751, 54 A. L. R. 1073; *Hutchinson v. West Jersey &*

*S. R. Co.,* 170 F. 615; *Murray v. Usher,* 117 N. Y. 542, 23 N. E. 564; *Maney v. Chicago B. & Q. R. Co.,* 49 Ill. App. 105; *Hulbert v. City of Topeka,* 34 F. 510 (dictum by Brewer, J.); 5 Sutherland, Damages (4th Ed.), § 1278, p. 4951.

As said in an early federal case concerning the Oregon death statute prior to the 1939 amendment, "The fact on which the damages are computed is death and its consequences, and not its antecedents or cause." Holland v. Brown, 35 F. 43 at p. 49, opinion by Deady, J.

In several states a recovery of medical expenses in actions for death by wrongful act has been expressly authorized by statute. See Laws of 1939, Ch. 252, Maine; 12 P. S. 1604, Pennsylvania. If such a provision is deemed desirable, we think it should be adopted by the legislature rather than ingrafted by the court.

■ Since medical expenses incurred previous to death were not recoverable in the action brought by the administrator under O. C. L. A. § 8-903, it follows that plaintiff was entitled to recover them in the present action as previously set forth.

In the defendant's opening brief, we read:

"A wrongful death action must be brought within two years after the death. The time within which such action must be instituted is a limitation of the liability itself. It is a condition attached to the right to sue at all." Citing 16 Am. Jur., Death, Sec. 164, 67 A. L. R., Page 1070.

■■ This action was not instituted within two years after death and the defendant asserts that under the authorities cited the right of action had expired, but we have held that the action is not brought under the

death statute and it follows that the two-year limitation therein prescribed does not apply. We need not consider the general statute of limitations, O. C. L. A. § 1-206, for the defense of the statute of limitations was not raised either by demurrer or by plea. The defense under that section is therefore waived.

Judgment for the plaintiff in the amount of the medical expenses incurred by her is affirmed. Judgment for the defendant in the matter of the funeral expenses is also affirmed. Neither party will recover costs.