[S. F. No. 402.   Department Two.—December 18, 1896.]

HENRY LANGE, RESPONDENT, *v.* FREDERICK SCHOETTLER, APPELLANT.

ACTION FOR DEATH—EXEMPLARY DAMAGES—ERRONEOUS INSTRUCTIONS.—In an action for the death of plaintiff's son, the grievance to be redressed is that of plaintiff as a relative of the deceased, and not that of the deceased; and it is error in such action to instruct the jury that they may allow exemplary damages, if the act causing death was wanton, cruel, and malicious.

ID.—MEASURE OF DAMAGES—PROBABLE VALUE OF LIFE TO RELATIVES.—In an action for death only such damages can be recovered as the statute authorizes, and, in the absence of a different rule, the only damage allowed is the probable pecuniary value of the life of the deceased to the relatives in whose behalf the action is brought.

ID.—EVIDENCE—SUFFERING OF DECEASED—DECLARATIONS—QUESTION FOR JURY.—The statements made by the deceased in regard to his sufferings are admissible to indicate his bodily condition, and the extent of his injury; and the question whether they were feigned or not must be left to the jury.

ID.— CROSS-EXAMINATION—HOSTILITY OF WITNESS — THREAT TO KILL.—A witness for plaintiff may be asked on cross-examination if he has not threatened to kill the defendant, for the purpose of showing the degree of his hostility, and error, in refusing to allow such question, is not cured by proof elsewhere that the witness was unfriendly.

ID.—INTENT OF DECEASED TO SUE DEFENDANT.—It is error to allow the plaintiff, in an action for death, to prove that the deceased intended to sue the defendant for the injury.

ID.—AUTHORITY OF ATTORNEY FOR PLAINTIFF — PRESUMPTION—MODE OF ASSAILING AUTHORITY.—The presumption is that the bringing of an action for death by an attorney representing the plaintiff was author. ized; and, if not authorized, the authority can only be assailed upon an application for a dismissal, and no issue can be made upon that point before a jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  JOHN HUNT, Judge.

The facts are stated in the opinion of the court.·

*Carroll Cook, F. H. Richardson,* and *William Hoff Cook,* for Appellant.

It was error for the court to instruct the jury that they could find exemplary damages, as there was not evidence of malice sufficient to warrant any instruction as to exemplary damages.  (*Munro* v. *Pacific Coast Co.,* 84 Cal. 515; 18 Am. St. Rep. 248; *Morgan* v. *Southern Pac. Co.,* 95 Cal. 510; 29 Am. St. Rep. 510.)  In actions for personal injuries, declarations not contemporaneous with the cause of the injury are not admissible.  (*Roche* v. *Brooklyn City etc. R. R. Co.,* 105 N. Y. 296; 59 Am. Rep. 506; *People* v. *Wong Ark,* 96 Cal. 125.)  The question asked witness Lange: "Did you, at that conversation with Mr. Gass, threaten to kill the defendant?" was competent to show the measure of hostility of the witness toward defendant, and to lay the foundation for impeachment.  (Taylor on Evidence, 1219; 1 Greenleaf on Evidence, sec. 459; *Voll* v. *Hollis,* 60 Cal. 575; *People* v. *Lee Ah Chuck,* 66 Cal. 667.)

*Oliver Ellsworth,* and *W. F. Williamson,* for Respondent.

Exemplary damages may be allowed in actions like

the present. (Civ. Code, sec. 3294; 3 Sutherland on Damages, sec. 1263; *Wilson* v. *Middleton*, 2 Cal. 54; *St. Ores* v. *McGlashen*, 74 Cal. 148; *Wade* v. *Thayer*, 40 Cal. 578; *Bundy* v. *Maginess*, 76 Cal. 532.) The presumption is that an action is authorized and that plaintiff is not dead, and defendant must take issue on these points, or that presumption becomes conclusive. (*Turner* v. *Caruthers*, 17 Cal. 432; *Boston Tunnel Co.* v. *McKenzie*, 67 Cal. 485.) Evidence of the physical condition of the deceased, from and after the assault to the time of his death, was admissible. (1 Greenleaf on Evidence, sec. 102; *Baltimore etc. Ry. Co.* v. *Rambo*, 59 Fed. Rep. 75; *Insurance Co.* v. *Mosley*, 8 Wall. 397; Wharton on Evidence, sec. 268, p. 237; *Munro* v. *Pacific Coast etc. Co.*, 84 Cal. 515; 18 Am. St. Rep. 248; *Board of Commrs.* v. *Nichols*, 139 Ind. 611, 624.) The court properly refused to allow the question asked witness Lange, " Did you, at that conversation with Mr. Gass, threaten to kill the defendant ? " as it was in effect to impeach the witness by evidence of a particular wrongful act. (Code Civ. Proc., sec. 2051; *People* v. *O'Brien*, 96 Cal. 171; *Jones* v. *Duchow*, 87 Cal. 109; *Sharon* v. *Sharon*, 79 Cal. 633; *Anderson* v. *Black*, 70 Cal. 226.)

TEMPLE, J.—This action was brought to recover damages for the death of plaintiff's son, which it is charged was caused by the wrongful act of the defendant.

1. The first point, although apparently based upon the alleged insufficiency of the evidence, is that the jury was erroneously instructed that they could allow exemplary damages if the act causing death was wanton, cruel, and malicious.

I think this instruction erroneous, and that it was probably given under some misapprehension as to our statutes upon the subject. It has been uniformly ruled that the action provided for in section 376 of the Code of Civil Procedure, is a new action and not the action which the deceased might have brought for the wrong had he survived. Only such damages can be recovered

as the statute authorizes, and, in the absence of an express provision authorizing a different rule, the only damage allowed is the probable value of the life to those in whose behalf the action is brought. Of course, this cannot include any grievance personal to the deceased, or any damage allowed in the interest of the people as punishment. The relatives, or the representative in their behalf, can recover the value of that which they have lost through the wrongful act of the defendant, and nothing more. It is true, in the case of a mother or a wife the jury have been allowed to·consider the fact that they were deprived of the comfort, society, and protection of a son or husband, but it has been always held that this was in strict accordance with the rule that only the pecuniary value of the life to the relatives could be recovered. The probable comfort, society, and protection of the deceased had some pecuniary value.

The rule for computing damages in section 377 is expressly made applicable, and no doubt it was thus left in the judgment of the jury because all the elements upon which the estimate of pecuniary loss was to be based were problematical. The comfort, society, and protection, as well as the support which is to be estimated, is only something which might have been. The age, character, disposition, and health of the deceased were all to be taken into consideration. Everthing is uncertain and indefinite. Therefore, it is left to the jury to say what they deem just, and if they have not made their estimate upon a wrong basis, and have not acted under the influence of passion or prejudice, their judgment is final.

The statute of 1862 (Stats. 1862, p. 447) expressly allowed the jury to give exemplary damages, and this provision was carried into the first edition of the codes. It authorized such damages, pecuniary and exemplary, as the jury should deem just. In 1874 section 377 was amended by striking out the words " pecuniary and exemplary." The purpose of this amendment must have been to take away the right to exemplary damages, and

to make the rule accord with the general rule elsewhere.

The decisions upon this matter are cited and discussed in *Munro* v. *Pacific Coast etc. Co.,* 84 Cal. 515; 18 Am. St. Rep. 248. In that case, while holding that in the case of a wife or mother suing under the statute the jury may take into consideration the loss of "the comfort, society, and protection of the deceased," yet the remark of Mr. Justice Wills, that "the subject matter of the statute is compensation for injury by reason of the deceased not being alive," is quoted with approval, and is declared that the recovery can only be for the pecuniary injury to the relatives. In the same case an instruction was given that the jury must not allow exemplary damages, but could consider the sorrow, grief, etc., of the mother. The instruction was held erroneous solely because it allowed damages for the grief occasioned by the death, and because such injury is not a pecuniary loss. This case seems directly in point. To the same effect is *Morgan* v. *Southern Pac. Co.,* 95 Cal. 510; 29 Am. St. Rep. 143.

In that case it was held that the damages were so excessive that the verdict must have been the effect of passion and prejudice, and that the court erred in instructing the jury that "the jury is not limited to the actual pecuniary injury sustained by her by reason of the death of her child." It is again held that under our statute the damages are limited to the probable value of the life of the deceased to the relatives. The same matter was again under consideration in *Pepper* v. *Southern Pac. Co.,* 105 Cal. 389.

In that case it was again held that the jury were confined to the probable pecuniary value of the life of the deceased to the relatives. No case has been cited under a statute such as ours in which exemplary damages have ever been claimed. The nearest to it are those cases in which it has been contended that a recovery could be had for the pain and suffering caused the deceased. The ruling has uniformly been against such a claim. The

grievance to be redressed is that of the relatives, not of the deceased.

2. Several rulings made during the trial are complained of. They are generally unimportant, and if erroneous are not likely to be repeated on a new trial. A few may be briefly noticed.

The statements made by the deceased in regard to his sufferings were properly admitted. They indicated his bodily condition and were part of the symptoms by which his case was to be judged and by which it was ascertained to what extent he was injured. His declarations are taken, because although they may be feigned, still it is the best we can do. Whether feigned or not must be left to the jury.

I think the question asked of the witness, H. Lange, on cross-examination as to whether he had not threatened to kill the defendant, should have been allowed. The injury caused by the ruling was not cured by the proof elsewhere that the witness was unfriendly. The degree of hostility was important.

I also think it was error to allow plaintiff to prove that the deceased intended to sue the defendant. It was immaterial, but might prejudice the defendant by showing that the deceased believed that he had a just cause of action against the defendant for the assault.

If a suit has been brought by an attorney without authority from his client there is a mode in which the defendant can take advantage of the fact, and have the cause dismissed. The presumption is that the suit was authorized, and no issue can be made upon that point before a jury.

The judgment and order are reversed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.