HAWKINS v. BARBER ASPHALT PAVING CO.

(District Court, D. Oregon. January 20, 1913.)

No. 5,700.

DEATH (§ 31*)—ACTION FOR DEATH—EMPLOYER'S LIABILITY ACT—RIGHT OF ADMINISTRATRIX.

Employer's Liability Act Or. (Laws 1911, p. 17) § 4, provides that if there shall be any loss of life by reason of the neglects or violations of the provisions of the act by any owner, contractor, or subcontractor, or any person liable under the provisions of the act, the widow of the decedent, his lineal heirs, or adopted children, or the husband, mother, or father, as the case may be, shall have a right of action, without any limit as to the amount of damages. *Held*, that such section gives but one action for the death of an employé, which survives to the widow of the person killed, his lineal descendants, or adopted children; and an action by the widow as the decedent's administratrix cannot be maintained.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Margaret C. Hawkins, as administratrix of the estate of Delford S. Hawkins, deceased, against the Barber Asphalt Paving Company. On demurrer to the complaint on the ground of another action pending. Denied.

John F. Logan and I. N. Smith, both of Portland, Or., for plaintiff.
Rauch & Senn, of Portland, Or., for defendant.

WOLVERTON, District Judge. This is a case which, from a reading of the complaint, it would appear was brought under the Employer's Liability Act (Laws 1911, p. 16) passed in the state of Oregon by initiative on November 8, 1910. The purpose of the suit is to recover damages for the death of Delford S. Hawkins, which, it is alleged, was caused by the negligence of the defendant and its foreman. Subsequent to the institution of this action another was instituted by Margaret C. Hawkins against the paving company and Tom Sloane, its foreman, apparently under the same statute, to recover damages for the death of Delford S. Hawkins, alleging negligence arising out of the same state of facts.

The defendant now demurs to the complaint in the case instituted by Margaret S. Hawkins as administratrix, on the ground that it appears from the complaint and the records of the court that there is another action pending in this court by the plaintiff against the defendant paving company for the same cause of action set forth in the complaint herein. This presents the question whether or not, under the said Employer's Liability Act, more than one cause of action exists for alleged injuries sustained by reason of the negligent acts of the employer, his foreman or agent, while acting in pursuance of that particular statute, or within its purview, where loss of life has been sustained. Section 4 of the act provides that:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor, or subcontractor, or any person liable under the provisions of this act, the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother, or father, as the case may be, shall have a right of action without any limit as to the amount of damages which may be awarded."

It would seem that this statute gives an action for negligence arising from particular acts, and so far as it gives a right of action for the death of a person it is akin to Lord Campbell's Act. This may be termed a survival action. At common law there was no right of action for the death of a person, but it is the purpose of this act to give to certain individuals such a right.

In my view of the statute, it gives but one action, which is not cumulative in its purpose or character. This action survives to the widow of the person killed, his lineal descendants or adopted children, etc., and the right of action is without limit as to the amount of damages. California has a statute (section 377, Pomeroy's Code of Civil Procedure of California) which provides that:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such per-

son is employed by another who is responsible for his conduct, then also against such other person."

This statute has been construed by the Supreme Court of the state of California to give but one action, which action may be brought either by the heirs of the deceased or by his personal representatives, and when one action is instituted, the court having competent jurisdiction of it, that is the only action which the statute permits, "as, for instance," quoting from the opinion of the court, "when the personal representative of the deceased brings an action to recover damages for the act or neglect causing death, if another action is afterward brought by the heirs of the deceased, the pendency of the prior action may be well pleaded in abatement of it; or if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second action." Munro v. Dredging, etc., Co., 84 Cal. 515, 522, 24 Pac. 303, 305 (18 Am. St. Rep. 248).

In the case of Lange v. Schoettler, 115 Cal. 388, 47 Pac. 139, the court said:

"The relatives, or the representative in their behalf, can recover the value of that which they have lost through the wrongful act of the defendant, and nothing more. It is true, in the case of a mother or a wife, the jury have been allowed to consider the fact that they were deprived of the comfort, society, and protection of a son or husband; but it has been always held that this was in strict accordance with the rule that only the pecuniary value of the life to the relations could be recovered."

In a later case, Burk v. Arcata & M. R. R. Co., 125 Cal. 364, 57 Pac. 1065, 73 Am. St. Rep. 52, it is held that:

"In an action for damages for the death of plaintiff's brother, only nominal damages can be recovered, where it does not appear that plaintiff derived, or could reasonably expect to derive, pecuniary benefit from deceased, nor that deceased was accumulating, or was likely to accumulate, any estate, so that plaintiff, as his heir, would suffer pecuniary loss."

And in a still later case, Webster v. Norwegian Min. Co., 137 Cal. 399, 70 Pac. 276, 92 Am. St. Rep. 181, construing the same statute, that the administrator can sue—

"only where there are heirs, the right of action being for their benefit, and therefore their existence must be pleaded and proved."

So it is with the statute now under consideration. The wife, the lineal descendants, or the adopted children, as the case may be, are given the right of action for injuries sustained by reason of the negligence of employers or their servants, acting under or in pursuance of the act in question, and in that right of action they may recover for all loss sustained by reason of the death of the employé. This includes, if the widow is suing, her loss of society and protection, as well as the injury which she or the heirs of the deceased may have sustained, so that no right of action is left to be instituted in the name of the wife as administratrix.

The adoption of this law was suggested, no doubt, with a view to giving a special action for death in all cases arising under the statute, and it precludes the institution of an action by any other persons than those enumerated therein. Nor is this conclusion in con-

flict with the decision of the Supreme Court of the state of Oregon in Staats v. Twohy Bros. Co. (Or.) 123 Pac. 909, because in that case it would seem that the suit was instituted, not under this statute, but under the ordinary right of action arising upon facts not within the statute, for Mr. Justice Moore, announcing the decision of the court, says:

"An examination of the averments of the complaint, when read in connection with the prayer for judgment, leads to the conclusion that the cause of action thus set forth is founded on the section of the Code adverted to (namely, section 380, Lord's Oregon Laws), and not upon the statute mentioned."

It follows, therefore, that the case of Margaret C. Hawkins, as administratrix, the one we are now considering, does not lie under the statute, while the case of Margaret C. Hawkins, suing in her individual capacity, is properly brought. The demurrer, based as it is upon the ground that there is another action pending for the same cause, should be denied. The complaint, however, does not state a cause of action in the right of the administratrix.