Argued December 8; affirmed December 28, 1938; rehearing denied
January 24, 1939

## MELTON *v.* SOUTHEAST PORTLAND LUMBER CO.

(85 P. (2d) 1038)

*Paul R. Harris*, of Portland (Davis & Harris and W. M. Davis, Jr., all of Portland, on the brief), for intervenors appellants.

*Clark & Clark* and *R. R. Bullivant, E. L. McDougal* and *Randall S. Jones*, all of Portland, on the brief, for appellant, Southeast Portland Lumber Co.

*Earl F. Bernard,* of Portland (Collier, Collier & Bernard, of Portland, on the brief), for respondent.

RAND, J. This action was brought by the plaintiff under the Employers' Liability Act of this state to recover damages for the death of her husband, Andrew B. Melton, an employee of the defendant company. Besides his widow, he left surviving him two adult children by a former marriage: Arthur B. Melton, a son 31 years of age, and Dorothy Franks, a daughter 29 years of age. Both of said children were married and, for several years prior to his death, had lived separate and apart from him and neither thereof was in any way dependent upon him for their support.

While the action was pending, the son and daughter moved the court for permission to intervene and this being granted, they filed a demurrer to plaintiff's complaint upon the ground that there was a defect of parties plaintiff and, upon its being overruled, filed an answer, setting up their relationship to the decedent and alleging that they are entitled to share in the proceeds of the action.

Under a stipulation entered into between the plaintiff and the defendant company, the plaintiff was awarded a judgment against the defendant company for the sum of $5,000, and it was adjudged that the intervenors were not entitled to any part thereof. From this judgment, the intervenors have appealed.

The particular section under which this action was brought is section 49-1704, Oregon Code 1930, and reads as follows:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor, or subcontractor or any person liable under the provisions of this act, the surviving widow or husband and children and adopted children of the person so killed and, if none, then his or her lineal heirs and, if none, then the mother or father, as the case may be, shall have a right of action without any limit as to the amount of damages which may be awarded; provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have the right to maintain such action for their respective benefits and in the order above named."

Until this section was amended in 1921, it enumerated the persons entitled to recover for death resulting from a violation of the provisions of the act as follows: "the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother or father, as the case may be". See Or. L., section 6788.

In *Thompson v. Union Fishermen's Cooperative Packing Co.,* 118 Or. 436 (235 P. 694, 246 P. 733), the accident causing the death had occurred prior to said amendment and it was held under this section of the act that: "If the widow of the deceased is living, she only can bring the action".

Also see *Hawkins v. Barber Asphalt Paving Co.,* 202 Fed. 340, where District Judge Wolverton construed the provisions of this section before it was amended. He said:

"* * * This (the right of action) includes, if the widow is suing, her loss of society and protection, as well as the injury which she or the heirs of the deceased may have sustained, so that no right of action is left to be instituted in the name of the wife as administratrix."

Judge Wolverton quoted from *Lange v. Schoettler,* 115 Cal. 388 (47 P. 139), as follows:

"The relatives, or the representative in their behalf, can recover the value of that which they have lost through the wrongful act of the defendant, and nothing more. It is true, in the case of a mother or a wife, the jury have been allowed to consider the fact that they were deprived of the comfort, society, and protection of a son or husband; but it has been always held that this was in strict accordance with the rule that only the pecuniary value of the life to the relations could be recovered."

He also quoted from *Burk v. Arcata & M. R. R. Co.,* 125 Cal. 364 (57 P. 1065, 73 Am. St. Rep. 52), as follows:

"In an action for damages for the death of plaintiff's brother, only nominal damages can be recovered, where it does not appear that plaintiff derived, or could reasonably expect to derive, pecuniary benefit from deceased, nor that deceased was accumulating, or was likely to accumulate, any estate, so that plaintiff, as his heir, would suffer pecuniary loss."

And also from *Webster v. Norwegian Min. Co.,* 137 Cal. 399 (70 P. 276, 92 Am. St. Rep. 181), as follows:

"* * * only where there are heirs, the right of action being for their benefit, and therefore their existence must be pleaded and proved."

From this it will be seen that, in his opinion, except where the mother or wife is suing, all other relatives can recover only the value of that which they had lost through the death resulting from the wrongful act of the defendant and ordinarily where the action is brought for the death of plaintiff's brother, he can recover only nominal damages unless it appears that it could reasonably be expected that he would have received some pecuniary benefit from the deceased had he lived and that where the widow survives, she is entitled to recover not only her own loss of society and support and for the injury which she has sustained but also for the injury which the other heirs of the deceased may have sustained by reason of the death.

The plaintiff contends that the word "children", as used in the present statute, means minor children or those who are shown to be dependent upon the decedent for support. The intervenors, however, contend that the word includes adult and all other children of the decedent regardless of their age, and that all of them are necessary and indispensable parties to an action under this statute.

The word "children", as used in the statute, if given one meaning for any purpose under the act must be given the same meaning for all other purposes under the act. If adult children are not to be included, then they would have no right of action in a case where the decedent left surviving neither husband or wife. This is manifestly contrary to the plain language of the statute, which expressly gives to them a right of action under those circumstances. Again, if it should be held that the word means minor children only and requires them to be joined in the action, guardians ad litem would have to be appointed or they would have to sue through their next friend. This would create an un-

necessary hardship which we have no reason to believe the legislature intended to impose when the action is brought by the surviving widow or husband.

 Hence, we hold that the word "children", as used in the act, includes both adults and minors, but it does not follow from this that the intervenors, who are the adult children of the decedent, are entitled to be joined as plaintiffs in this action, nor does it follow that they are entitled to share with the plaintiff in the proceeds of the action. In the first place, under the facts stated, they have suffered no pecuniary loss and, in the second place, they do not come within the order named in the statute, as is therein provided. The order therein named is as follows: "the surviving widow or husband and children and adopted children of the person so killed and, if none, then his or her lineal heirs and, if none, then the mother or father, as the case may be, etc." The meaning of this language is not clear but the order of the beneficiaries named in the statute are, first, the surviving widow or husband, then the children and adopted children. As pointed out by Judge Wolverton, if the widow sues, her right of action includes the damages suffered by the heirs. The same would be true where the husband survives and brings the action, although of course the extent of the damages might be different in the two cases. The language of the statute is plain to the effect that the action shall be brought by the beneficiaries named in the act and only in the order therein named and, as named, the surviving wife or husband comes first and then the children and adopted children, if there are any, come next and the surviving wife or husband is entitled to recover not only for his or her own loss but for the loss sustained by the heirs.

■ Therefore, we hold that the intervenors, who, at the time of decedent's death, were married and living separate and apart from him and were in no way dependent upon him, so far as shown, have sustained no pecuniary loss by reason of his death and, even if they had sustained such loss, the right of action accrued to the widow and not to them. If the legislature had intended by the enactment of this amendment to give an action jointly to the widow and adult children of the decedent, since the damages suffered by them could not be the same, it is reasonable to assume that it would have prescribed some method by which the sum collected could be divided among them.

There were, as stated, no minor children of the decedent living at the time of his death. Had there been, the widow would have sued for their benefit as well as her own and she would have been entitled to recover the loss which she sustained in their future support as well as her own, in which case she would, of course, have been compelled to allege and prove that there were minor children, but there would be no necessity or reason for their being joined parties plaintiff in the action. We hold, therefore, that the intervenors are not entitled to share in any part of the sum recovered by the plaintiff in this action and, therefore, were not proper parties plaintiff.

The judgment appealed from will be affirmed, and it is so ordered.

BEAN, C. J., and BAILEY and LUSK, JJ., concur.