**DONNA LAWRENCE, Plaintiff**

**v.**

**LOAN KIM BARKER, et al., Defendants**

Civil Case No. 357-79

Superior Court of Guam

July 26, 1979

ĀBBATE, *Presiding Judge*

DECISION AND ORDER

This matter came before the Court on the defendant Loan Kim Barker's Motion for Summary Judgment on June 25, 1979. Randall Fennell appeared on behalf of the defendant and the plaintiff was represented by Ronald Geedman.

This is a wrongful death action in which the plaintiff seeks damages for pain and suffering, loss to the estate, and punitive damages. The present question is whether the damages prayed for by the plaintiff are properly recoverable in the context of a wrongful death action.

Generally, the only type of damages awarded in a wrongful death action are compensation for the pecuniary loss suffered by the plaintiff. *Estate of D'India*, 63 C.A.3d 942;

*Bond v. United Railroad*, 113 P. 366; *Steel v. Imperial Airlines*, 12 C.3d 115.

The rule in this jurisdiction is that damages to a decedent's estate are an improper basis for damages in a wrongful death action. *Bradford v. Brock*, 140 C.A. 47. Therefore, we find that damages for loss to the estate are not properly recoverable in this case.

It is also clear that punitive damages may not be had in a wrongful death action. *Doak v. Superior Court*, 257 C.A.2d 825; *Lange v. Schoettler*, 47 P. 139.

The last type of relief sought concerns the pain and suffering of the decedent. It is established that no recovery, based on the pain and suffering of the decedent, will be awarded in a wrongful death action. *Carr v. Pacific Telephone Co.*, 26 C.A.3d 537; *Bond v. United Railroad*, supra.

For the aforementioned reasons, the defendants' Motion for Summary Judgment is GRANTED as to the issue of the damages prayed for in the complaint.

SO ORDERED.