[Civ. No. 60249. Second Dist., Div. Three. Jan. 26, 1981.]

GEORGIE BOY MANUFACTURING, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GILDA CELEBRE, Real Party in Interest.

218

---

**COUNSEL**

La Follette, Johnson, Schroeter & DeHaas, William R. Harris and Carey B. Moorehead for Petitioner.

No appearance for Respondent.

Rosenfeld, Meyer & Susman, John G. Davies and Marianne Dozier Vogt for Real Party in Interest.

OPINION

KLEIN, P. J.—Petitioner Georgie Boy Manufacturing, Inc. (Georgie Boy), a corporation, petitions this court for a writ of mandate directed to respondent Los Angeles County Superior Court (trial court) to vacate its order overruling Georgie Boy's demurrer to real party in interest Gilda Celebre's (Celebre) wrongful death complaint containing allegations relating to punitive damages.

PROCEDURAL AND FACTUAL BACKGROUND

On December 20, 1979, Celebre, as sole heir-at-law of decedent Victor B. Celebre and as plaintiff, filed a complaint for wrongful death against Georgie Boy and others based on theories of strict products liability and negligence. The complaint alleged, inter alia, that on or about July 15, 1979, Celebre's decedent died of carbon monoxide asphyxiation while occupying a recreational motor home manufactured by Georgie Boy. Among other damages claimed, Celebre prayed for punitive damages under Civil Code section 3294[1] in the amount of $1 million, alleging that Georgie Boy knew that the subject vehicle was unsafe and nevertheless placed it on the market without any warning to the public.

Georgie Boy filed a demurrer and motion to strike portions of the complaint, thereby seeking to test the propriety of Celebre's request for punitive damages, on the ground that Code of Civil Procedure section 377 denies punitive damages in wrongful death actions.[2] Celebre filed

---

[1]Civil Code section 3294 states: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

[2]Code of Civil Procedure section 377 states in part: "When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, . . . In every action under this section, such damages may be given as under

opposition thereto contending that the disallowance of punitive damages in wrongful death actions is a denial of equal protection of the laws, and urging the trial court to adopt the ruling of the federal district court in the case of *In re Paris Air Crash of March 3, 1974* (C.D.Cal. 1977) 427 F.Supp. 701, reversed (9th Cir. 1980) 622 F.2d 1315, which case held Code of Civil Procedure section 377 to be unconstitutional.

The trial court overruled the demurrer, agreeing that Code of Civil Procedure section 377 was unconstitutional and finding that Celebre had stated facts sufficient to entitle her to punitive damages under Civil Code section 3294.

Georgie Boy filed a motion for reconsideration or in the alternative to be relieved from the order made pursuant to Code of Civil Procedure section 473, which was denied.

Georgie Boy thereafter filed a petition for writ of mandate on the theory that the trial court abused its discretion in ruling section 377 unconstitutional.

## ISSUE PRESENTED

The sole issue before us is whether the trial court abused its discretion in ruling Code of Civil Procedure section 377 unconstitutional.

## DISPOSITION

For the reasons hereinafter discussed, we determine that the trial court did abuse its discretion and therefore we issue the requested writ directing the trial court to vacate its prior order and to issue a different order sustaining Georgie Boy's demurrer to, and granting its motion to strike, Celebre's allegations relating to punitive damages.

---

all the circumstances of the case, may be just, but shall not include damages recoverable under Section 573 of the Probate Code."

Probate Code section 573 sets forth in pertinent part: "Except as provided in this section no cause of action shall be lost by reason of the death of any person but may be maintained by or against his executor or administrator.

"In an action brought under this section against an executor or administrator all damages may be awarded which might have been recovered against the decedent had he lived except damages awardable under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."

## DISCUSSION

■ Preliminarily, we find that the trial court's order herein is not an appealable order as provided in Code of Civil Procedure section 904.1[3] and that therefore mandate "may be issued ... to compel the performance of an act which the law specifically enjoins" (Code Civ. Proc., § 1085) when "there is not a plain, speedy, and adequate remedy in the ordinary course of law" (Code Civ. Proc., § 1086). ■ Also, we are mindful that although mandamus will not issue to control the exercise of a court's discretion, a writ of mandate will lie in circumstances where a court must exercise its discretion in a particular manner. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379].)

### *Historical Perspective of Code of Civil Procedure Section 377*

No civil action for the wrongful death of another existed at common law; it is purely a creature of statute. In 1862, the California Legislature, following the philosophy of Lord Campbell's Act, first enacted a wrongful death statute which provided for the recovery of both pecuni-

---

[3]Code of Civil Procedure section 904.1 provides: "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h), (i) and (j), (2) a judgment of contempt which is made final and conclusive by Section 1222, or (3) a judgment on appeal from a municipal court or a justice court or a small claims court.

"(b) From an order made after a judgment made appealable by subdivision (a).

"(c) From an order granting a motion to quash service of summons or granting a motion to stay or dismiss the action on the ground of inconvenient forum.

"(d) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict.

"(e) From an order discharging or refusing to discharge an attachment.

"(f) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction.

"(g) From an order appointing a receiver.

"(h) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining such right to redeem and directing an accounting.

"(i) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made.

"(j) From an interlocutory judgment of dissolution of marriage, including the provisions thereof determining the separate, community, or quasi-community character of the parties' properties, regardless of whether the court in such judgment has reserved jurisdiction pursuant to Section 4800 of the Civil Code to value or divide all or a portion of the community or quasi-community property.

"(k) From an order or decree made appealable by the provisions of the Probate Code."

ary and exemplary damages. (Stats. 1862, ch. 330, p. 447; *Buckley v. Chadwick* (1955) 45 Cal.2d 183, 190-191 [288 P.2d 12, 289 P.2d 242].)

In 1872, the Legislature repealed the 1862 statute and reenacted a similar civil remedy in section 377 of the Code of Civil Procedure, again allowing for the recovery of both pecuniary and exemplary damages. (Ann. Code Civ. Proc. (1872) § 377.)

In 1874, the Legislature amended Code of Civil Procedure section 377 by deleting the words "pecuniary and exemplary." In 1896, the California Supreme Court interpreted the amendment in disallowing a plaintiff to recover punitive damages in an action for the wrongful death of his son, stating that "the purpose of this amendment must have been to take away the right to exemplary damages . . . ." (*Lange v. Schoettler* (1896) 115 Cal. 388, 391 [47 P. 139].)

Since the *Lange* case, decisions of the California Supreme Court and the California Courts of Appeal for a period of some 90 years have held the law of this state to be that punitive damages are not recoverable in an action for wrongful death. (*Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, 450 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Stencel Aero Engineering Corp. v. Superior Court* (1976) 56 Cal.App.3d 978 [128 Cal.Rptr. 691]; *Pease v. Beech Aircraft Corp.* (1974) 38 Cal.App.3d 450 [113 Cal.Rptr. 416]; *Doak v. Superior Court* (1968) 257 Cal.App.2d 825 [65 Cal.Rptr. 193, 27 A.L.R.3d 1362]; *Fox v. Oakland Con. St. Ry.* (1897) 118 Cal. 55 [50 P. 25].)

It would appear, however, that while the courts of this state have repeatedly denied recovery of punitive damages in actions for wrongful death, no decision has addressed itself specifically to the *constitutionality of the California statutory scheme itself* involving Code of Civil Procedure section 377, Probate Code section 573 and Civil Code section 3294.

### Applicable Standard for Review

██  In addressing Celebre's contention that the disallowance of punitive damages in wrongful death actions is unconstitutional as violative of equal protection of laws under the federal and California Constitutions, "[t]he general rule is that classifications made by government

regulations are valid 'if any state of facts reasonably may be conceived' in their justification [citations]. This yardstick, generally called the 'rational basis' test, is employed in a variety of contexts to determine the validity of government actions [citations] and *its use signifies that a reviewing court will strain to find any legitimate purpose in order to uphold the propriety of the state's conduct.*" (Italics added.) (*Bakke* v. *Regents of the University of California* (1976) 18 Cal.3d 34, 49 [132 Cal.Rptr. 680, 553 P.2d 1152]; *McGowan* v. *Maryland* (1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101].)

In the recent case of *Justus* v. *Atchison* (1977) 19 Cal.3d 564 [139 Cal.Rptr. 97, 565 P.2d 122], the Supreme Court upheld the constitutionality of Code of Civil Procedure section 377 against an attack by parents of fetuses who sued doctors and a hospital, and in so doing again enunciated the "rational basis" test. The court stated at pages 580-581: "There is no merit in plaintiffs' alternate contention that if section 377 does not provide a cause of action for the wrongful death of a fetus, it denies them equal protection of the laws. That constitutional doctrine is not intended 'to make it necessary that the legislature, when conferring new rights of action upon particular classes of citizens for injuries not previously actionable, should by the same act declare that all persons who may suffer damages from injuries of that character shall also have such right of action. Many considerations of public policy affect the question of the propriety and extent of such laws, the weight and effect of which, and the method of meeting or avoiding them, are matters resting exclusively in the legislative discretion.... *The decision of the legislature as to how far it will extend the new right is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor.*' (*Pritchard* v. *Whitney Estate Co.* (1913) *supra*, 164 Cal. 564, 568 [129 P. 989]; accord, *Steed* v. *Imperial Airlines* (1974) *supra*, 12 Cal.3d 115, 123-124 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]; *Tyrrell* v. *City & County of San Francisco* (1977) *supra*, 69 Cal.App.3d 876, 881 [138 Cal.Rptr. 504].)" (Italics added.)

We reject Celebre's urgings to apply a stricter standard of constitutional review based on the theory that her right to claim punitive damages is so important as to be a "fundamental interest." As the circuit court pointed out in reversing the trial court in the case of *In re Paris Air Crash* (9th Cir. 1980) 622 F.2d 1315, and in rejecting similar reasoning, "[i]ts logic would apply to all areas of civil law in every

state, and all civil remedies would be subject to the strictest standard of review." Granted, in some cases, the California equal protection guarantee has been applied more strictly where the interests are indeed fundamental. (See, e.g., *Serrano* v. *Priest* (1976) 18 Cal.3d 728 [135 Cal.Rptr. 345, 557 P.2d 929] (discrimination in educational opportunity); *Sail'er Inn* v. *Kirby* (1971) 5 Cal.3d 1 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351] (sex discrimination); *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458 [156 Cal.Rptr. 14, 595 P.2d 592] (homosexual discrimination).) However, here we are merely asked to pass on the constitutionality of the statutory scheme on its face.

██ ██ Equal protection of the laws as preserved by the state Constitution does not preclude the state from drawing distinctions among different groups of individuals, requiring only that persons *similarly situated* recover like treatment. (*Estate of Ginochio* (1974) 43 Cal.App. 3d 412 [117 Cal.Rptr. 565]; *Educational & Recreational Services, Inc.* v. *Pasadena Unified Sch. Dist.* (1977) 65 Cal.App.3d 775 [135 Cal. Rptr. 594].) The trial court's ruling implicitly assumes that persons recovering punitive damages under the California survival statutes are members of the same class of individuals denied similar recovery under the wrongful death statute. This is not the fact.

Probate Code section 573 merely preserves existing rights of action *personal* to the decedent, and available to such decedent during his/her lifetime. In comparison, the wrongful death statute of Code of Civil Procedure section 377 creates a new and distinct right of action in a decedent's heirs, which heirs are specifically precluded from recovering for injuries personal to the decedent.

Although it can be argued that these two classes of claimants are similarly situated, the controlling question is whether the Legislature was justified in distinguishing between these groups in determining which individuals should appropriately possess a claim for punitive damages evaluated in the light of the "rational basis" test.

The "[p]rimary purpose of punitive damages is to punish the defendant and make an example of him," (*Merlo* v. *Std. Life & Acc. Ins. Co.* (1976) 59 Cal.App.3d 5, 18 [130 Cal.Rptr. 416]), the corollary of which is to deter tortious conduct. But exemplary damages are not intended to compensate the injured plaintiff. The unconstitutionality

urged by Celebre is based on the proposition that any limitation upon punitive damages not related to the purpose of deterring tortious conduct is prima facie irrational. However, countervailing policy considerations limit the availability of punitive damages in the California statutory scheme, and apparently the Legislature sought to limit recovery of this volatile remedy to those causes of action personal to the decedent, although there is a dearth of legislative history relating to Code of Civil Procedure section 377 and Civil Code section 3294. The Legislature's apparent concern for the danger of excessive recoveries in cases involving death is a sufficient discernible and legitimate purpose viewed in the perspective of rational analysis.[4]

The only case which supports Celebre's position is the decision of *In re Paris Air Crash of March 3, 1974, supra*, 427 F.Supp. 701. There, in litigation arising from an air crash, which killed 346 persons, wrongful death claimants sued for punitive damages. In denying motions for summary judgments, the district court held that under applicable California law, the denial of punitive damages in wrongful death cases, while permitted in personal injury and property damage cases, was violative of equal protection of laws guaranteed by the United States and California Constitutions. The case was certified pursuant to 28 United States Code section 1292(b) for immediate appeal.

On appeal, this decision was promptly reversed in the case of *In re Paris Air Crash, supra*, 622 F.2d 1315. The circuit court held that the disallowance advanced a "discernible purpose" in a "rational" manner and was thus valid under both Constitutions. The court surmised that placing reasonable limits on wrongful death actions was in itself a sufficient "discernible purpose." (Id., at p. 1322.)

The above set forth opinions are so opposite in rationale and result as to constitute an example of *ipse dixit*. The opinions when compared suggest the application of the axiom, "You pay your money and take your choice." However, they do constitute an excellent repository of all the applicable cases covering the field, both federal and state, and thereby provide the interested reader an analysis from the two diametrically opposed perspectives.

---

[4]We are unaware of any empirical data having been compiled which would support the fears of large verdicts were punitive damages to be allowed in wrongful death cases. We observe that the Legislature is set up to schedule hearings and to probe this issue; the courts are not.

Granted that cases are not authority for propositions not considered (*McDowell & Craig* v. *City of Sante Fe Springs* (1960) 54 Cal.2d 33, 38 [4 Cal.Rptr. 176, 351 P.2d 344]), there exists in California a long line of cases which tacitly and impliedly approved the constitutionality of Code of Civil Procedure section 377 (*Lange* v. *Schoettler, supra*, 115 Cal. 388; *Tarasoff* v. *Regents of University of California, supra*, 17 Cal.3d 425; *Stencel Aero Engineering Corp.* v. *Superior Court, supra*, 56 Cal.App.3d 978; *Doak* v. *Superior Court, supra*, 257 Cal.App.2d 825; and *Fox* v. *Oakland Con. St. Ry., supra*, 118 Cal. 55). These cases, together with the circuit court opinion in *Paris, supra*, the only decision actually probing and affirming the constitutionality of the statutory scheme on its face, persuade this court to rule in favor of constitutionality.

A peremptory writ of mandate is hereby issued directing the trial court to vacate its prior order overruling Georgie Boy's demurrer and to issue a new and different order sustaining Georgie Boy's demurrer, and granting its motion to strike allegations relating to punitive damages.

Allport, J., and Potter, J., concurred.