[No. AO15729. First Dist., Div. One. May 6, 1983.]

MERVYN J. GOODMAN, Plaintiff and Appellant, v.
KENNETH CORY, as State Controller, et al., Defendants and Respondents.

**COUNSEL**

Donna P. Shannon and Kahn, Shannon & Fasano for Plaintiff and Appellant.

George Deukmejian and John Van de Kamp, Attorneys General, and Yeoryios C. Apallas, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**RACANELLI, P. J.**—Appellant, a licensed private investigator specializing in locating unclaimed property for clients on a contingency fee basis, challenges the constitutionality of section 1582 of the Code of Civil Procedure (to which all statutory references apply unless otherwise indicated), which imposes limitations on search agreements and fixes a maximum level of compensation.[1]

---

[1]Section 1582 provides: "No agreement to locate, deliver, recover, or assist in the recovery of property reported under Section 1530, entered into between the date a report is filed under subdivision (d), of Section 1530 and six months after the date payment or delivery is required under Section 1532 is valid. Such an agreement made more than six months after payment or delivery is required under Section 1532 is valid if the fee or compensation agreed upon is not in excess of 10 percent of the recoverable property and the agreement is in writing and signed by the owner after disclosure in the agreement of the nature and value of the property and the name and address of the person or entity in possession of the property. Nothing in this section shall be construed to prevent an owner from asserting, at any time, that any agreement to locate property is based upon an excessive or unjust consideration."

Under the provisions of the California Unclaimed Property Law (§ 1500 et seq.), personal property which has remained unclaimed by the owner for more than seven years escheats to the state. (§ 1520.) All property which has escheated to the state by operation of the law must be reported to the State Controller (§ 1530); and if within six months thereafter the property remains unclaimed, it must be paid or delivered to the State Controller (§ 1532). Pursuant to section 1531.1, the State Controller maintains a staff of employees whose duty is to locate the owners of unclaimed property. Such employees are authorized to obtain otherwise confidential governmental information in order to assist them in the performance of their duty. If the State Controller is unable to locate the owner of unclaimed property within six months of its delivery or payment as provided under section 1532, a private investigator may enter into a private agreement to recover the property. (§ 1582.)

## I

■ Appellant first argues that section 1582 unconstitutionally infringes upon his right to pursue a lawful business by 1) establishing a maximum contingency fee of 10 percent; 2) requiring disclosure of "the nature and value of the property and the name and address of the person or entity in possession of the property"; and 3) permitting the owner to complain at any time that the "agreement to locate property is based upon an excessive or unjust consideration." We disagree in all respects.

■ While the state cannot suppress or prohibit legitimate business relationships (*Whitcomb* v. *Emerson* (1941) 46 Cal.App.2d 263, 274 [115 P.2d 892]), there is no fundamental vested right to conduct business entirely free of reasonable governmental rules and regulations. (*Pacific Plan* v. *Fox* (1978) 84 Cal.App.3d 215, 219 [148 Cal.Rptr. 510]; *Northern Inyo Hosp.* v. *Fair Emp. Practice Com.* (1974) 38 Cal.App.3d 14, 23 [112 Cal.Rptr. 872].) The state in the exercise of its police power has the recognized authority to enact laws to promote the public health, safety, morals and general welfare. (*In re Weisberg* (1932) 215 Cal. 624, 627-628 [12 P.2d 446]; *People* v. *Hurd* (1970) 5 Cal.App.3d 865, 877 [85 Cal.Rptr. 718].)

■ In construing the challenged statute, " ' . . ."[a]ll presumptions and intendments favor [its] validity . . . and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears. . . ." ' " (*In re Ricky H.* (1970) 2 Cal.3d 513, 519 [86 Cal.Rptr. 76, 468 P.2d 204].) ■ Courts may not substitute their social and economic beliefs for the judgment of the Legislature elected by the people to enact appropriate regulatory legislation. (*Ferguson* v. *Skrupa* (1963) 372 U.S. 726, 730 [10 L.Ed.2d 93, 97, 83 S.Ct. 1028, 95 A.L.R.2d 1347].) Nor do courts sit as

superlegislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature. (*Estate of Horman* (1971) 5 Cal.3d 62, 77 [95 Cal.Rptr. 433, 485 P.2d 785], cert. den. 404 U.S. 1015 [30 L.Ed.2d 662, 92 S.Ct. 672]; *People* v. *Hurd, supra,* 5 Cal.App.3d 865, 877.) ■ As early explained in *Lockard* v. *City of Los Angeles* (1949) 33 Cal.2d 453, 461 [202 P.2d 38, 7 A.L.R.2d 990], certiorari denied 337 U.S. 939 [93 L.Ed. 1744, 69 S.Ct. 1516]: "In passing upon the validity of legislation . . . 'the rule is well settled that the legislative determination that the facts exist which make the law necessary, must not be set aside or disregarded by the courts, unless the legislative decision is clearly and palpably wrong and the error appears beyond reasonable doubt from the facts or evidence. . . .' "

■ We recognize that section 1582 imposes certain restrictions upon appellant's right to engage in the business of private probate searches. But the statute on its face neither precludes appellant from pursuing his occupation nor imposes unreasonable limitations in the performance of his business activities. As appellant concedes, the statute was enacted to protect the public from overcharging for recovery of unclaimed property by unscrupulous probate searchers.[2] Thus, we conclude that the statute furthers a legitimate goal by rational means.

## II

■ Nor are we persuaded that section 1582 denies equal protection of the law by subjecting the class of private probate searchers to more burdensome scrutiny and regulations than are imposed by other statutory provisions governing assignments of interests in an estate under review by the probate court.

Probate Code section 1020.1[3] authorizes the probate court to inquire into the consideration for an assignment or transfer of a decedent's property to an heir-hunter "before making distribution to any person other than an heir, devisee, or legatee pursuant to any agreement," and to refuse to make the distribution ex-

---

[2]The intent behind section 1582 is clearly evidenced from its provisions and the Enrolled Bill Report for the latest (1978) amendment to the statute, which states that it: "Provides for increased protection of owners of unclaimed property by increasing restrictions on agreements to locate, deliver, recover, or assist in the recovery of unclaimed property for a fee."

[3]Probate Code section 1020.1 provides in pertinent part: "The court before making distribution of any property of a decedent to any assignee or transferee of any heir, devisee or legatee or . . . any person other than an heir, devisee, or legatee pursuant to any agreement . . . may . . . inquire into the consideration for such assignment, transfer, agreement, request or instructions and into the amount of any fees, charges, or consideration paid or agreed to be paid by the heir, devisee or legatee and into the circumstances surrounding the execution of such assignment, transfer, agreement, . . . and if it finds that the fees, charges or consideration paid by any such heir, devisee or legatee is grossly unreasonable or that any such assignment, transfer, agreement . . . was obtained by duress, fraud or undue influence it may refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable."

cept upon just and equitable terms "if it finds that the fees, changes or consideration paid by such heir, devisee or legatee is grossly unreasonable. . . ." Appellant argues that since the distribution of property under the jurisdiction of the probate court within the framework of Probate Code section 1020.1 is neither subject to specific limitations upon the consideration received nor disclosure requirements by the heir-hunter, the disparate treatment under section 1582 limited to private probate searchers constitutes unlawful discrimination.

Appellant's equal protection argument is unavailing since he fails to show that he is within an identifiable class of persons who receive discriminatory treatment under the statute. ■ As noted in *Weber* v. *City Council* (1973) 9 Cal.3d 950 [109 Cal.Rptr. 553, 513 P.2d 601], " '[T]he concept of equal protection of the laws means simply "that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." . . .' " (*Id.,* at pp. 961-962.) The guarantee of equal protection of the laws does not preclude the state from drawing distinctions among different groups of individuals; it requires only that persons similarly situated receive like treatment. (*Georgie Boy Manufacturing, Inc.* v. *Superior Court* (1981) 115 Cal.App.3d 217, 224 [171 Cal.Rptr. 382].) ■ Section 1582 treats all private probate searchers equally alike. It is only when the probate court has obtained jurisdiction over a decedent's property that the agreements of probate searchers become subject to the less restrictive conditions of Probate Code section 1020.1. The two sections of the Probate Code draw valid distinctions between classes of persons not similarly situated; consequently, equal protection principles are not transgressed. (*Chrysler Corp.* v. *New Motor Vehicle Bd.* (1979) 89 Cal. App.3d 1034, 1041 [153 Cal.Rptr. 135].)

■ Even were we to conclude that appellant falls within an identifiable and discriminated class, he has not established that section 1582 violates settled principles of equal protection.

■ ■■■ As an economic regulation, section 1582 need only satisfy the conventional equal protection standard of review that the challenged statute bear some "rational relationship" to a legitimate statute purpose.[4] (*Westbrook*

---

[4]The more demanding "strict scrutiny" test is only employed if the statute creates "suspect classifications" or affects a "fundamental right." (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 17 [112 Cal.Rptr. 786, 520 P.2d 10].) Plainly, no suspect classification is involved here. And, while foreclosure of the right to pursue a lawful occupation infringes upon a fundamental interest (*Northern Inyo Hosp.* v. *Fair Emp. Practice Com.,* *supra,* 38 Cal.App.3d 14, 23), mere regulation of business enterprises, such as occurs under section 1582, is a valid exercise of the state's police power which does not violate a fundamental right. (*Pacific Plan* v. *Fox, supra,* 84 Cal.App.3d 215, 219.) Accordingly, we are not required to apply the strict scrutiny test to section 1582, under which the state bears the burden of establishing a "compelling interest" which justifies the law, and distinctions narrowly drawn to further that interest. (*D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d at p. 17.)

v. *Mihaly* (1970) 2 Cal.3d 765, 784 [87 Cal.Rptr. 839, 471 P.2d 487], vacated on another point, 403 U.S. 915 [29 L.Ed.2d 692, 91 S.Ct. 2224].) ▉ All presumptions favor the validity of the classification and the burden of demonstrating the invalidity of a classification under the rational relationship test rests upon the party challenging the statute (*D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d 1, 16-17; *Williams* v. *Kapilow & Son, Inc.* (1980) 105 Cal.App.3d 156, 162 [164 Cal.Rptr. 176].) ▉ Section 1582 passes constitutional muster when tested by this standard. While Probate Code section 1020.1 may afford less protection in merely authorizing judicial oversight to protect heirs from assigning property interests for grossly unreasonable consideration (*Estate of Boyd* (1979) 98 Cal.App.3d 125, 135 [159 Cal.Rptr. 298]), the absence of judicial supervision to provide comparable protection to owners of unclaimed property fully justifies the more restrictive conditions imposed under section 1582 upon unclaimed property agreements.

Appellant also complains that section 1582 was enacted to discourage private probate searchers from undertaking searches thus prompting a greater likelihood that unclaimed property will escheat to the state. ▉ But no such questionable motivation is supported by the record or otherwise apparent; indeed, " '. . . Legislatures are presumed to have acted constitutionally . . . and their statutory classifications will be set aside only if no grounds can be conceived to justify them. . . .' " (*Weber* v. *City Council, supra,* 9 Cal.3d 950, 961.)

In conclusion, we hold that section 1582 is constitutionally valid serving a reasonable and legitimate legislative purpose. Accordingly, the judgment must be affirmed.

Judgment affirmed.

Elkington, J., and Holmdahl, J., concurred.